STATE of Indiana for the VERMONT DEPARTMENT OF SOCIAL WELFARE, on Behalf of Diana PACKARD, State of Indiana for Allegheny County, and Heidi Bell, Appellants,

v.

James CARGILE, Scott Barenfanger, Appellees.

No. 82S01–8911–CV–865.

Supreme Court of Indiana.

Nov. 20, 1989.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellants.

Mary Jane Humphrey, Evansville, for appellees.

PIVARNIK, Justice.

This cause comes to us on a petition to transfer from the First District Court of Appeals. Action in the trial court commenced when the State of Vermont, without any prior determination of paternity, certified a petition asking for a support order against the alleged father of a child out of wedlock. Action was brought in Vanderburgh Circuit Court pursuant to the Uniform Reciprocal Enforcement of Support Act (URESA) Ind.Code §§ 31–2–1–1 *et seq.* (1988 Ed.) It was alleged that James Cargile was the father of the child but no determination of paternity had been made by the initiating court or any court in Vermont. The Vanderburgh Circuit Court dismissed the URESA petition for lack of subject matter jurisdiction. On appeal, the Court of Appeals recognized the sole question to be whether the Vanderburgh Circuit Court had jurisdiction to determine paternity as a part of a URESA proceeding seeking support of an illegitimate child where paternity is in issue and has not been established between the parties. The Court of Appeals found that URESA does not require a pre-existing determination of support duty and the responding court in another jurisdiction is able to make its own finding of support duty. The Court of Appeals reversed the judgment of the trial court and directed the trial court to determine the case on its merits.

The trial court was correct in finding it had no subject matter jurisdiction and we accordingly vacate the opinion of the Court of Appeals and affirm the trial court.

The purpose of URESA is expressly stated in IC 31-2-1-1:

The purposes of this chapter are to improve and extend by reciprocal legislation enforcement of duties of support and to make uniform the law with respect thereto.

Duty of support is defined in IC 31-2-1-2(f):

"Duty of support" includes any duty of child or spousal support imposed or imposable by law, or by any court order, decree, or judgment, whether interlocutory or final, whether incidental to a proceeding for divorce, legal separation, separate maintenance, or otherwise.

It is clear URESA contemplates the referral by the initiating state to a respondent state where the defendant or obligor can be found for *enforcement* of support where there is a duty of support by finding, decree, or order of the initiating or rendering state or the duty of support is imposed or imposable by law. Parent-child or spousal relationships would be circumstances in which duty is imposed or imposable by law even though there had yet been no court order or judgment providing for enforcement of it. These relationships and others could obligate the duty of support pursuant to court order, decree or judgment. A man has no duty to support the child of a person to whom he is not married unless it is first established by judgment, decree, or order that he is the biological father of the child and by reason of such judicial finding has a duty to support the child. One does not have a duty to support because of allegations of one's paternity. The duty arises upon a judgment entered that he is the father of the child. This, of course, can also be accomplished if the alleged father agrees in writing that he is the father and consents to a paternity finding. That is not the issue here, however. This interpretation of alleged legislative intent is apparent in IC 31-2-1-14, where it provides that if the court of this State acting as an initiating State:

finds that the petition sets forth facts from which it may be determined that the respondent owes a duty of support and that a court of the responding state may obtain jurisdiction of the defendant or his property, it shall so certify and shall cause three (3) copies of (1) the complaint, (2) its certificate and (3) this chapter to be transmitted to the court in the responding state.

IC 31-2-1-23 provides that: "If the court of the responding state finds a duty of support, it may order the respondent to furnish support or reimbursement therefor and subject the property of the respondent to such order." Respondent–Appellant contends that this provision of the statutory scheme contemplates the circuit court of the responding state is given the jurisdiction to try the matter of paternity even though the responding court does not have juvenile jurisdiction and therefore no jurisdiction to try a paternity case. This is not a proper interpretation of the statutory language. As we have indicated, where duty of support is apparent when the responding state receives the case, the court will determine there is such a duty and proceed to enforce it as it would any duty of support in its own jurisdiction. The Vanderburgh Circuit Court did not acquire jurisdiction to try a paternity issue by and through the URESA statutory scheme.

IC 31-6-2-1 provides that the juvenile court has exclusive original jurisdiction over juvenile matters and specifically provides that exclusive original jurisdiction includes *proceedings concerning the paternity of a child. See Holderness v. Holderness* (1984), Ind.App., 471 N.E.2d 1157, 1160 (divorce court without jurisdiction to terminate marital rights); *Johnston v. Phelps* (1972), 154 Ind.App. 9, 14, 288 N.E.2d 782, 785 (juvenile courts have jurisdiction to hear "children born out of wedlock" cases). In Vanderburgh County, jurisdiction over juvenile matters lies in the Superior Court. The trial court properly found it did not have jurisdiction.

The opinion of the Court of Appeals is vacated and the trial court is affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and DICKSON, JJ., concur.