Rebecca D. (Kolkman) CROUCH, Appellant (Petitioner Below),

v.

Bruce W. KOLKMAN, Appellee (Respondent Below).

No. 02A03–9103–CV–67.

Court of Appeals of Indiana, Third District.

June 24, 1991.

Martin D. Hillery, Deputy Pros. Atty., Jerrald A. Crowell, Moss, Crowell, Harris, Yates & Long, Fort Wayne, for appellant.

Paul B. McNellis, Lori K. Morgan, Wyss, McNellis, Riebenack & Myers, Fort Wayne, for appellee.

STATON, Judge.

Rebecca Crouch appeals the dismissal of her petition for child support pursuant to the Uniform Reciprocal Enforcement of Support Act ("URESA").[1] She presents us with the sole issue of whether the dismissal was contrary to law.

We affirm.

On November 14, 1977, Rebecca Kolkman (Crouch) and Bruce Kolkman were granted a decree of marital dissolution in the Allen Superior Court in Indiana. Rebecca was awarded custody of the couple's minor child, JK, and a support order was entered against Bruce.

On October 20, 1987, in the Allen Superior Court, the parties filed an "Agreed Entry" providing that temporary custody of JK should be placed with Bruce "pending further order of this court." Record, p. 7. The Agreed Entry further provided that Bruce's child support payments were abated, and stated that no prior child support obligation remained unpaid. No obligation to make child support payments was imposed upon Rebecca.

On May 1, 1990, Rebecca filed a complaint in the Arizona Superior Court, Pima County, requesting an order for support under the provisions of the Uniform Reciprocal Enforcement of Support Act. Rebecca's petition stated, *inter alia*, that JK was residing in Rebecca's home.[2]

The petition was filed in the Allen Superior Court on May 22, 1990. On August 3, 1990, Bruce filed his Motion to Dismiss Rebecca's petition. On August 28, 1990, the court granted the Motion to Dismiss. Rebecca's Motion to Correct Errors was denied on November 13, 1990, and this appeal ensued.

Rebecca admits that the existing court order concerning JK's custody and support imposes no duty upon Bruce to make child support payments. However, she argues that a parent has a common law duty of support which exists apart from any court order or statute. Rebecca asserts that the Allen Superior Court should have enforced this common law duty of support upon her presentation of the URESA petition.

Rebecca is correct in her assertion that an action under URESA does not require a pre-existing judicial determination of a support duty. *Johnson v. Ross* (1980), Ind.App., 405 N.E.2d 569, 571, *trans. denied.* Where a duty of support is apparent when the responding state receives the URESA petition, the court will determine there is such a duty and enforce that duty as it would any duty of support

1. IND.CODE 31–2–1–1.

2. We assume for purposes of this appeal that Rebecca contends that JK is permanently residing with her rather than temporarily residing with her during an extended period of visitation.

in its own jurisdiction. *State for Vermont DSW v. Cargile* (1989), Ind., 546 N.E.2d 301, 302.

Indiana law imposes upon each parent, whether custodial or non-custodial, a duty to support his or her unemancipated children. IND.CODE 31–1–11.5–12. A parent having the physical custody of a child is presumed to provide child support directly to that child. A non-custodial parent is required to tender the amount of his or her child support obligation to the custodial parent. Ind.Child Support Guideline 3(F). Only the person who has present custodial responsibility can be the trustee of the non-custodial parent's obligation to pay. *Moody v. Moody* (1991), Ind.App., 565 N.E.2d 388, 391.

Although a URESA court may act to enforce a support duty without the benefit of a pre-existing court order, it is not vested with jurisdiction to amend or contravene existing custody orders which determine the manner in which support is to be provided. The URESA court's jurisdiction is limited to the single issue of enforcement of support; issues of custody and visitation may not be litigated therein. *In re Marriage of Truax* (1988), Ind.App., 522 N.E.2d 402, 405, *trans. denied.*

The existing court order concerning JK's custody provides that he was placed in Bruce's custody "pending further order of this court." Neither Rebecca or Bruce contend that a further order of court concerning custody has been issued. The record before the URESA court failed to disclose that Rebecca is a custodial parent having the responsibility for JK's care and the ability to receive child support funds on his behalf. The URESA court did not err in dismissing Rebecca's petition.

Affirmed.

HOFFMAN and BARTEAU, JJ., concur.