Eric EGAN, Appellant–Defendant,

v.

Tami BASS, Appellee–Plaintiff.

No. 82A01–9407–CV–220.

Court of Appeals of Indiana,
First District.

Dec. 27, 1994.

Thomas A. Massey, Bowers, Harrison, Kent & Miller, Evansville, for appellant.

Pamela Carter, Atty. Gen., Jon Laramore, Deputy Atty. Gen., Indianapolis, for appellee.

BAKER, Judge.

Appellant-defendant Eric Egan brings this interlocutory appeal challenging the Vander-

burgh Circuit Court's jurisdiction to determine paternity pursuant to the Uniform Reciprocal Enforcement of Support Act (URESA)[1], and alleging that Indiana's URESA statute violates the guarantees of equal protection afforded by the United States and Indiana Constitutions.[2]

### FACTS

■ On May 16, 1994, appellee-plaintiff Tami Bass, a Kentucky resident, filed a URESA action through the Kentucky Child Support Enforcement Agency, a division of the Kentucky Cabinet for Human Resources, in the Vanderburgh Circuit Court against Egan, an Indiana resident, seeking to establish paternity and obtain child support on behalf of her thirteen-year old son, Jerame, also a Kentucky resident. In response, Egan filed a motion to dismiss alleging, in relevant part, that the Vanderburgh Circuit Court lacked both personal and subject matter jurisdiction, and that Indiana's URESA violated the guarantees of equal protection under the United States and Indiana Constitutions. The trial court denied Egan's motion on June 23, 1994, and pursuant to Ind. Appellate Rule 4(B)(6) certified the following issues for interlocutory appeal:

A) Whether Indiana Code § 31–2–1–19.5, a recent amendment to URESA, violates the law of Indiana set forth in *State v. Cargile*, 546 N.E.2d 301 (Ind.1989) which held this Circuit Court did not have jurisdiction to determine paternity as part of URESA; and B) Whether the URESA paternity determination which does not permit [Egan] to establish custody, visita-

tion and related matters violates his constitutional right to equal protection.[3]

Record at 24.

### DISCUSSION AND DECISION

#### I. Jurisdiction

Egan first contends that the Vanderburgh Circuit Court lacks jurisdiction to hear the present case because the Vanderburgh Superior Court has exclusive jurisdiction over proceedings concerning the paternity of a child. As support for his contention, Egan cites *Cargile* in which our supreme court held that IND.CODE § 31–6–2–1 provides the juvenile court with exclusive original jurisdiction over juvenile matters, including proceedings concerning the paternity of a child. *Cargile*, 546 N.E.2d at 302. Further, the court held that in Vanderburgh County, pursuant to IND.CODE § 33–5–43–5, jurisdiction over juvenile matters lies exclusively in the Superior Court. *Id.*

■ However, after the supreme court's holding in *Cargile*, the legislature amended URESA by adding two new sections. *See* IND.CODE §§ 31–2–1–19.5 and 31–6–2–1.5(c). I.C. § 31–2–1–19.5(a) provides:

(a) The court shall determine the issue of paternity whenever:

(1) paternity has not been established by the initiating state or another state;

(2) paternity proceedings are not pending in another state; and

(3) the obligor asserts as a defense that he is not the father of the child for whom support is sought.

---

1. *See* IND.CODE §§ 31–2–1–1 to 31–2–1–39.

2. Although Egan raises several other issues in his appellate brief, these issues were not certified by the trial or appellate court and, thus, may not be raised in this interlocutory appeal. *See INB Nat'l Bank v. 1st Source Bank* (1991), Ind.App., 567 N.E.2d 1200, 1202 (an issue is not appealable in the absence of certification by both the trial court and the appellate court).

3. We recognize, and the State concedes, that a petition to establish paternity must show with crystal clarity that the child is actually a party to the action and not simply the subject or object of the action. *See Matter of Paternity of H.J.F.* (1994), Ind.App., 634 N.E.2d 551, 553. Further,

we also observe that Bass' URESA petition is barred by the statute of limitations set forth in IND.CODE § 31–6–6.1–6(a), which limited her right to file a paternity action up to Jerame's second birthday. Thus, the petition is deficient because it fails to name Jerame as a party and instead only names Bass. Nevertheless, under IND.CODE § 31–6–6.1–6(b), Jerame has until his twentieth birthday to bring a similar action. Since the statute of limitations for the URESA petition has run as to Bass, but not as to Jerame, we order the trial court to either dismiss the petition or amend it by adding Jerame's name to the caption. Because these issues were not certified for this appeal, though, we proceed to address the ones properly before us.

Under URESA, "the court" is defined as "the circuit court of this state." *See* IND. CODE § 31–2–1–2(d). Moreover, I.C. § 31–6–2–1.5(c) provides:

A circuit court has concurrent original jurisdiction with the juvenile court, including the probate court described in IC 33–8–2–10, for the purpose of establishing the paternity of a child in a proceeding under IC 31–2–1 to enforce a duty of support.

Egan alleges that these amendments are in direct conflict with *Cargile* and I.C. § 33–5–43–5 which vests exclusive jurisdiction over juvenile matters with the Vanderburgh Superior Court. When a statute is clear and unambiguous on its face, we must examine and treat it as a whole, giving the statute its apparent and obvious meaning. *See Indiana St. Bd. of Health .v. Journal–Gazette Co.* (1993), Ind.App., 608 N.E.2d 989, 992. In construing a statute, we will presume the legislature intended the language of the statute to be applied in a logical manner consistent with its underlying goal and policy. *In re Groleau* (1992), Ind.App., 585 N.E.2d 726, 728. The legislature is presumed to have in mind the history of the act, and the decisions of the courts upon the subject matter of the legislation being construed. *Journal–Gazette Co.,* 608 N.E.2d at 993. Further, when the General Assembly replaces the provision of an act which has been construed by the courts, it is presumed that it is responding to those appellate decisions which construed the legislation. *Matter of Estate of Waltz* (1980), Ind.App., 408 N.E.2d 558, 561.

■ Subsequent to the *Cargile* decision, the General Assembly amended URESA and gave the Vanderburgh Circuit Court concurrent original jurisdiction with the juvenile court over proceedings concerning the paternity of a child. *See* I.C. § 31–6–2–1.5(c). Since we presume that the General Assembly was responding to the supreme court's decision in *Cargile* when it amended URESA to provide Circuit Courts with concurrent original jurisdiction in paternity proceedings under URESA, we find that the Vanderburgh Circuit Court has subject matter jurisdiction to determine paternity in URESA proceedings.

## II. Equal Protection

Next, Egan contends that Indiana's URESA violates the guarantees of equal protection afforded by the United States and Indiana Constitutions. Because the equal protection clauses are the same in the United States and Indiana Constitutions, we examine Egan's argument in one discussion. Specifically, Egan argues that URESA discriminates between URESA respondents and "in-state" paternity defendants because, unlike an in-state paternity defendant, the statute does not permit a URESA respondent to establish custody, visitation and related matters at the same hearing in which his support obligations are set.

■ The equal protection clause does not preclude the states from resorting to classifications, but only requires that the classification resulting in unequal treatment bear some rational relationship to a legitimate state goal. *Andrews v. State* (1987), Ind.App., 505 N.E.2d 815, 821–22. A classification will be set aside only if it is based solely on reasons totally unrelated to the pursuit of the state's goals and only if no ground can be conceived to justify it. *Id.* at 822.

■ In a URESA action, the general class of cases which the court has the power to hear is limited by the Act itself. *In re Marriage of Truax* (1988), Ind.App., 522 N.E.2d 402, 405, *trans. denied.* IND.CODE § 31–2–1–1 provides:

The purposes of this chapter are to improve and extend by reciprocal legislation enforcement of duties of support, including a determination of paternity, if necessary, in order to establish and enforce a duty of support, and to make uniform the law with respect thereto.

Thus, under URESA, a court's jurisdiction is limited to the issues of support and paternity, and issues of custody and visitation may not be litigated therein. *Crouch v. Kolkman* (1991), Ind.App., 573 N.E.2d 899, 901, *trans. denied.* The very purpose of URESA demands a streamlined, efficient proceeding and to require the responding courts in URESA actions to hear and decide questions of custody or visitation would cripple the interstate mechanism for enforcement of sup-

port obligations. *Truax,* 522 N.E.2d at 405. To accomplish the goal of enforcing child support obligations while respecting the due process rights of the obligor to be sued for child support in the state of his residence, rather than in the home state of his child, URESA gives the custodial parent access to the courts in the obligor's home state.

In contrast, issues of custody and visitation are determined pursuant to Indiana's Uniform Child Custody Jurisdiction Act (UCCJA)[4]. In determining issues of custody and visitation, we focus on the status of the child, and it is generally believed that the state having the closest connection to the child has the greatest access to information concerning the child's care, protection, training and relationship. *See* IND.CODE § 31-1-11.6-1(a)(3). As a result, issues of custody and visitation are normally litigated in the home state of the child. Thus, where the father and child reside in the same state, issues of support, visitation and custody may be litigated at the same hearing. In contrast, where the father and child do not reside in the same state, issues of support, visitation and custody usually may not be litigated at the same hearing. Egan contends that this distinction violates his right to equal protection. We disagree.

■ Although these classifications prevent Egan from litigating issues of custody, visitation and related matters at the same hearing in which his support obligations are set, the statutory scheme limiting URESA proceedings to issues of support is reasonable and has a fair and substantial relation to the objective of the act. Thus, we hold that equal protection under the United States and Indiana Constitutions has not been violated.

### CONCLUSION

In conclusion, we hold that the Vanderburgh Circuit Court has jurisdiction to determine paternity in a URESA proceeding. Further, we find that Indiana's URESA does not violate Egan's guarantee of equal protection. Because, as previously noted, Bass' URESA petition was filed untimely, we order the trial court to either dismiss the action or amend the petition by adding Jerame as a party to the proceedings.

Affirmed and remanded.

ROBERTSON and NAJAM, JJ., concur.

---

4. *See* IND.CODE §§ 31-1-11.6-1 to 31-1-11.6-25.