Steven PALMER, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 35A02–0008–CR–496.

Court of Appeals of Indiana.

Feb. 20, 2001.

Jill M. Denman, John W. Bailey, Matheny, Michael, Hahn & Bailey, L.L.P., Huntington, for Appellant.

---

Karen M. Freeman–Wilson, Attorney General of Indiana, Janet L. Parsanko, Deputy Attorney General, Indianapolis, for Appellee.·

## OPINION

BAKER, Judge.

Appellant-defendant Steven Palmer appeals the trial court's denial of credit for time served on home detention as a condition of his probation. Specifically, Palmer claims entitlement to such credit based on the holding by a panel of this court in *Dishroon v. State,* 722 N.E.2d 385 (Ind.Ct. App.2000), that a probationer is not entitled to "good time credit" while in home detention, but does have the right to be credited for the time actually served.

### FACTS

The facts most favorable to the judgment indicate that on October 28, 1997, Palmer pled guilty to Operating a Vehicle While Intoxicated and Possession of Marijuana, both Class A misdemeanors. Consequently, the trial court imposed concurrent one-year sentences and suspended all but six days on the first conviction and all but sixty days on the second conviction. The trial court then placed Palmer on one year of probation, with the condition that he submit to monthly drug testing.

On September 28, 1998, the State filed a petition to revoke Palmer's probation, alleging that he had failed to submit drug test results to the probation department. On November 10, 1998, Palmer admitted to violating the terms of his probation. As a result, the trial court placed Palmer on

electronically monitored home detention for 120 days and extended his probation for one year. On October 27, 1999, the State filed a second petition to revoke Palmer's probation for, once again, failing to submit drug test results. On June 5, 2000, Palmer admitted to violating the conditions of his probation and was ordered to serve the suspended portion of his sentence. Palmer subsequently requested that the trial court credit him for the time he served on electronically monitored home detention. The trial court denied Palmer's request. Palmer now appeals.

### DISCUSSION AND DECISION

#### I. Generally

Palmer contends that he is entitled to credit against his sentence for the 120 days he served on home detention as a condition of his probation.[1] The issues of credit time and home detention have generated significant confusion in recent years, particularly with respect to community corrections programs and probation. Thus, before addressing Palmer's claim, we address credit time and home detention both in the context of community corrections programs, and in the context of probation, in order to clarify the current state of the law and prevent confusion.

#### II. Credit Time and Home Detention— Community Corrections Programs

In *Purcell v. State,* 721 N.E.2d 220 (Ind. 1999), our supreme court addressed the issue of whether a person sentenced to home detention pursuant to a community corrections placement is entitled to credit

---

1. IND. CODE § 35–28–2–2.3(15) provides that a trial court may require a person to "[u]ndergo home detention under IND. CODE § 35–38–2.5" as a condition of probation. Further, I.C. § 35–38–2.5–5(c) provides that "a court may order supervision of an offender's home detention to be provided by the probation department for the court or by a community corrections program that provides supervision of home detention." The record does not indicate whether Palmer's home detention was supervised by the probation department

or a community corrections program. However, subsection (c)'s provision for the monitoring of a probationer's home detention by a community corrections program should not be confused with direct placement of an offender in a community corrections program under IND. CODE § 35–38–2.6–1, which "applies to the sentencing of a person convicted of [certain felonies] whenever any part of the sentence may not be suspended under IC 35–50–2–2 or IC 35–50–2–2.1."

for time served on such detention. IND. CODE § 35–38–2.6–6 provides that "[a] person who is placed in a community corrections program under this chapter is entitled to earn credit time under IND. CODE § 35–50–6 unless the person is placed in the person's home." The supreme court interpreted "credit time" in this context as "good time credit"[2] and held that while I.C. § 35–38–2.6–6 precludes an offender in a community corrections home detention placement[3] from earning "good time credit," the statute "does not restrict [his] ability ... to earn credit for time served."[4] *Id.* at 223. The *Purcell* court reasoned,

> We believe the legislature's intent is made clear by its language in Ind.Code § 35–38–2.6–5 (1993): "If a person who is placed [in a community corrections program] violates the terms of the placement, the court may ... [r]evoke the placement and commit the person to the

department of correction for the *remainder* of the person's sentence" (emphasis supplied). If an offender was not entitled to credit for time served, the commitment after revocation would not be for the "remainder" of the offender's sentence but for the entire sentence. *Id.* However, the *Purcell* court "express[ed] no opinion as to the application of credit for time served or good time credit in any context other than where a court orders a defendant to serve his sentence pursuant to a community corrections placement under Ind.Code § 35–38–2.6–3." *Id.* at 222 n. 4 (citing *Wharff v. State*, 691 N.E.2d 205, 206 (Ind.Ct.App.1998), *trans. denied.*).[5]

### III. Credit Time and Home Detention—Probation

In *Dishroon v. State*, 722 N.E.2d 385 (Ind.Ct.App.2000), where the appellant

**2.** "Prior to the criminal code revision in 1976 and 1977, Indiana statutes referred to the credit for good behavior as 'good time' credit." *Purcell*, 721 N.E.2d at 222 n. 3; *see also Boyd v. Broglin*, 519 N.E.2d 541, 542 (Ind. 1988) ("Credit time is a statutory reward for a lack of conduct that is in violation of institutional rules."). In *Purcell*, our supreme court acknowledged Judge Staton's distinction between "good time credit" and "credit for time served." *See* 721 N.E.2d at 223 n. 5. I.C. § 35–50–6–3 lists the three "credit time classes" to which offenders may be assigned. An offender assigned to Class I earns one day of "credit time," that is, "good time credit," for each day "he is imprisoned for a crime or confined awaiting trial or sentencing," while an offender assigned to Class III earns no credit time. IND. CODE § 33–50–6–3(a), (c). Thus, for example, an offender assigned to Class I who is imprisoned for 365 days ("time served") earns an additional 365 days of credit time ("good time credit") toward his sentence.

**3.** *See* IND. CODE § 35–38–2.6–2 (defining "community corrections program" in relevant part as "a program consisting of residential and work release, electronic monitoring, day treatment, or day reporting"); IND. CODE § 11–12–1–1 (defining "community corrections program" in relevant part as a "community based program that provides preventive services, services to offenders, services to persons charged with a crime or an act of delin-

quency, services to persons diverted from the criminal·or delinquency process, services to persons sentenced to imprisonment, or services to victims of crime or delinquency"); I.C. § 11–12–1–2 (authorizing community corrections programs for "[p]ersons sentenced to imprisonment in a county or local penal facility other than a state owned or operated facility" or "[p]ersons ordered to participate in community corrections programs as a condition of probation"); I.C. § 11–12–1–2.5(2) (including home detention and electronic monitoring programs within scope of community corrections programs).

**4.** Prior to. *Purcell*, the distinction between "good time credit" and "credit for time served" was often unclear. In addition, the distinction between probation and community corrections placement for credit time purposes was also occasionally blurred.

**5.** In *Wharff*, a panel of this court relied on pre-*Purcell* cases in denying the appellant credit for time served on electronically monitored home detention as a condition of probation. *See* 691 N.E.2d at 206 (citing *Collins v. State*, 639 N.E.2d 653, 655 (Ind.Ct.App.1994), *trans. denied; Barton v. State*, 598 N.E.2d 623 (Ind.Ct.App.1992); *Burton v. State*, 547 N.E.2d 882, 883 (Ind.Ct.App.1989)). All three cases interpret "credit time" under I.C. § 35–50–6–6(a) as "credit for time served" rather than "good time credit."

sought credit for time served on home detention as a condition of probation, a panel of this court examined I.C. § 35–50–6–6(a), which provides that "[a] person does not earn credit time while on parole or probation." In line with the *Purcell* court's treatment of I.C. § 35–38–2.6–6, the *Dishroon* court construed "credit time" under I.C. § 35–50–6–6(a) as "good time credit" and stated,

> Regardless of whether the time served in home detention was a condition of probation, as in the instant case, or was the result of a community corrections placement, as in *Purcell*, the fact still remains that although the statutes involved provide that the defendant is not entitled to good time credit, they do not preclude giving credit for time actually served.

*Id.* at 388–89. The *Dishroon* court concluded that

> [f]or purposes of determining time served, the fact that Purcell was placed in a community corrections program and Dishroon was in home detention as a condition of probation is irrelevant. Both individuals were in home detention. Further, although a defendant is serving time at home, he or she is still being restricted of his or her liberty.

*Id.* at 389. Thus, based on its reading of I.C. § 35–50–6–6(a) and its observation that, as with Purcell, Dishroon's liberty was restricted while on home detention, the *Dishroon* court held that although the appellant "[was] not entitled to good time credit for time he served in home detention, he [did] have the right to be credited for the time he actually served[.]" *Id.*

### IV. Palmer's Claim

In addressing Palmer's contention that the trial court erred in denying him credit against his sentence for the 120 days he served on home detention as a condition of probation, we find it necessary to reconsider the rationale espoused in *Dishroon.*

Specifically, the *Dishroon* court observes that there is nothing in the language of I.C. § 35–50–6–6(a) to preclude a probationer from earning credit for time served on probation. However, it is apparent when comparing the statutory provisions pertaining to violations of terms of placement in community corrections program and violations of conditions of probation, that the legislature intended that probationers should not be afforded credit for time served in home detention as a condition of probation. Specifically, I.C. § 35–38–2.6–5, governing violation of terms of placement in community corrections programs, provides that "[i]f a person who is placed [in a community corrections program] violates the terms of the placement, the court may ... [re]voke the placement and commit the person to the department of correction for the *remainder* of the person's sentence" (emphasis supplied). As the *Purcell* court observed, "if an offender was not entitled to credit for time served, the commitment after revocation would not be for the 'remainder' of the offender's sentence but for the entire sentence." *Purcell*, 721 N.E.2d at 223. On this basis, the *Purcell* court concluded that a person is entitled to credit for time served in a community corrections program and, by extension, is also entitled to credit for time served on home detention pursuant to such a program. *Id.*

By comparison, I.C. § 35–38–2–3, which governs violation of conditions of probation, provides that if a court finds that a "person has violated a condition of his probation at anytime before termination of the [probation] period, ... the court may ... order execution of the *sentence that was suspended at the time of initial sentencing.*" (emphasis supplied). Following the same reasoning employed by our supreme court in *Purcell*, if an offender was entitled to credit for time served, the legislature would have provided that commitment after revocation was for the remainder of the offender's sentence, not for the entire sentence imposed. We believe that the legislature's distinction between the community corrections context and the

probation context with respect to credit for time served extends to situations where a court imposes home detention as a condition of either. Thus, it is our opinion that while a person is entitled to credit for time served on home detention as part of a community corrections program, a person is not similarly entitled to credit for time served as a condition of probation.

Moreover, our determination is supported by the purpose and policy underlying probation. Specifically, probation is a criminal sanction wherein a convicted defendant specifically agrees to accept conditions on his behavior in lieu of his imprisonment. *Carswell v. State,* 721 N.E.2d 1255, 1258 (Ind.Ct.App.1999). The purpose of home detention as a condition of probation is not to act as imprisonment, but, rather, to achieve the probationer's rehabilitation as a productive member of society.[6] *Id.* The restrictions placed on the probationer are designed to ensure that probation serves as a period of genuine rehabilitation and that the community is not harmed by the probationer being at large. *Id.* By complying with the conditions of his probation and making a sincere effort at rehabilitation, the probationer avoids serving his sentence. However, if he confounds the rehabilitative process and abuses the privilege of being placed on probation by failing to comply with those conditions, he must be incarcerated and execute the entire sentence that was suspended at the time of the initial sentencing. I.C. 35–38–2–3. Naturally, such a consequence provides a significant incentive to the probationer to refrain from engaging in criminal behavior. Thus, the holding in *Dishroon,* that a probationer is entitled to credit for time served on home detention, severely undermines the purpose and policy underlying probation, as it decreases the probationer's incentive to comply with the conditions of his probation by reducing the consequence of committing a violation. It is imperative that we not reward bad probationary behavior by allowing credit for time served.

That being said, the *Dishroon* court reasoned that the restrictions that home detention imposes on a probationer's liberty warrant credit for time served. The *Dishroon* panel analogized the restriction of liberty suffered by a probationer in home detention to the restriction of liberty suffered by the defendant in *Purcell,* who was given credit for time served in home detention as part of a community corrections program. *Dishroon,* 722 N.E.2d at 389. Because both defendants suffered a similar denial of freedom as a result of home detention, the *Dishroon* court determined that Dishroon, like Purcell, was entitled to credit for time served. *Id.*

We note, however, that the "restriction of liberty" test applied by the court in *Dishroon* would effectively require a court to grant credit time for time served whenever it orders a person to attend, as a condition of probation, a facility that is defined as "home" for the purposes of probationary home detention and which results in some degree of restriction on that person's liberty.[7] Thus, a logical ex-

6. In contrast, a person who is on home detention as part of a direct placement in a community corrections program is serving his sentence at home rather than in a Department of Corrections facility. Thus, home detention in the community corrections program context serves as an alternative form of imprisonment.

7. I.C. § 35–38–2.5–2 provides that for purposes of probationary home detention:

"[H]ome" means the actual living area of the temporary or permanent residence of an offender. The term includes a hospital, health care facility, hospice, group home, maternity home, residential treatment facility, and boarding house. The term does not include a public correctional facility or the residence of another person who is not part of the social unit formed by the offender's immediate family.

By contrast, I.C. § 35–38–2.6–6 explicitly states that the term "home," as used to determine entitlement to credit time in the context of direct placement in community corrections programs, excludes a hospital, healthcare facility, hospice, group home, maternity home, residential treatment facility, boarding house, or public correctional facility.

tension of the *Dishroon* holding leads to the incongruous result that a person would be entitled to credit time for placement as a condition of probation in a "hospital, health care facility, hospice, group home, maternity home, [or] residential treatment facility" I.C. § 35–38–2.5–2. We do not believe that such result was intended by the legislature.

Moreover, we do not agree that the degree of denial of liberty suffered by the probationer on home detention is sufficient to warrant credit for time served. Unlike an individual incarcerated in a department of corrections facility, the probationer on home detention continues to enjoy the benefits and comforts of home living. These benefits include the freedom to set one's own schedule for eating, sleeping, and recreation, to determine what and when to eat, to watch television at one's leisure or engage in other in-home leisure activities, and to enjoy relatively unlimited visitation by family and friends. In addition, a defendant confined to his home does not suffer the same surveillance and lack of privacy associated with becoming a member of an incarcerated population.

Furthermore, I.C. § 35–38–2.5–6, which outlines the restrictions on home detention as a condition of probation, provides several exceptions to the requirement of home confinement. Specifically, the statute provides that the probationer may venture beyond the home to obtain a variety of medical, psychiatric and counseling services, and to attend his or her place of employment, an educational institution or program, and a place of worship. By contrast, I.C. § 35–38–2.6, which pertains to orders for community corrections placements, contains no analogous provision providing for exceptions to the requirement of home detention. Therefore, we are compelled to conclude that the restrictions on individual liberty as a result of home detention in the probation context are not as great as restrictions placed on individual liberty in the community corrections program context.

In sum, after careful evaluation of the statutory provisions governing probation and community corrections programs, and after considering the objective of probation and the degree of restriction of liberty imposed on the probationer on home detention, we decline to follow the rationale set forth in *Dishroon.* Thus, we conclude that Palmer is not entitled to credit for the time he served on home detention as a condition of his probation.

We acknowledge, however, that reasonable minds can differ on the issue before this court, particularly in light of the cogent and well-articulated argument put forth by our colleagues in *Dishroon.* As such, it is our hope that the General Assembly will visit this entire alternative-sentencing morass. We urge the General Assembly to engage in a full review of probation, community-based corrections, good time credit, and the contradictions between I.C. Chapter 2.5 and I.C. Chapter 2.6., in order to establish what public policy should be in this area and to resolve what is now a patchwork quilt of contradiction and confusion.

Judgment affirmed.

BARNES, J., concurring.

BROOK, J., concurring with opinion.

BROOK, Judge, concurring.

Notwithstanding my concurrence in *Dishroon v. State,* 722 N.E.2d 385 (Ind.Ct. App.2000), further consideration of the relevant statutes and the underlying purpose of probation has convinced me that Judge Baker's analysis is the sounder approach to this complicated issue. I write separately to offer my reasons for my concurrence and to echo his plea for our legislature to revisit and reconcile the disparate strands of the alternative-sentencing scheme.

In *Cox v. State,* 706 N.E.2d 547 (Ind. 1999), our supreme court acknowledged that

[b]oth probation and community corrections programs serve as alternatives to commitment to the Department of Correction and both are made at the sole discretion of the trial court. A defendant is not entitled to serve a sentence in either probation or a community corrections program. Rather, placement in either is a "matter of grace" and a "conditional liberty that is a favor, not a right."

*Id.* at 549 (citations omitted). In *Purcell v. State*, 721 N.E.2d 220 (Ind.1999), our supreme court determined that a person who violates the terms of his community corrections home detention placement is entitled to credit for time served because he must serve only the "remainder" of his sentence under Indiana Code Section 35–38–2.6–5. *See id.* at 223. The *Dishroon* court examined Indiana Code Section 35–50–6–6(a), which contains no such provision, and concluded that the statute "does not restrict the ability" of a probationer on home detention to earn credit for time served. 722 N.E.2d at 389.

However, "it is just as important to recognize what a statute does not say as it is to recognize what it does say." *Rush v. Elkhart County Plan Comm'n*, 698 N.E.2d 1211, 1215 (Ind.Ct.App.1998), *trans. denied.* We "may not read into a statute that which is not the expressed intent of the legislature," and we "will not add something to a statute that the legislature has purposely omitted." *Id.* (citations omitted). After much deliberation, I have concluded that although the legislature has specifically expressed its intent to allow credit for time served on home detention in the community corrections context, we may not simply infer such intent by analogy in the probation context, especially when the corresponding statutes differ in several important respects.

As Judge Baker points out, the definition of "home" in the probation context is much broader than in the community cor-rections context, and a probationer on home detention is expressly permitted to "attend his or her place of employment, an educational institution or program, and a place of worship." *Op.* at 530 (citing IND. CODE § 35–38–2.5–6). The legislature has granted no such specific liberties to persons detained at home in community corrections placements. Consequently, I must respectfully disagree with *Dishroon's* "restriction of liberty" test, since it neither accounts for these differences nor rests on any supporting authority.

Furthermore, I agree with Judge Baker's observation that granting a home detention probationer credit for time served would "severely undermine[ ] the purpose and policy underlying probation, as it [would] decrease[ ] the probationer's incentive to comply with the conditions of his probation by reducing the consequence of committing a violation." *Id.* at 529. Indeed, denying a probationer credit for time served on home detention might progressively increase his incentive for compliance and rehabilitation, if only to avoid being incarcerated for the duration of his sentence after enjoying months of relative freedom on home detention.

My reconsideration of this issue was prompted by Judge Baker's thorough and persuasive analysis, but my concurrence in this case should not be interpreted as an outright dismissal of the arguments contained in *Dishroon*. Because reasonable minds can (and do) differ on this issue, I wholeheartedly endorse Judge Baker's request for the General Assembly to offer some much-needed clarification, consistency, and guidance in the alternative-sentencing realm.[1]

---

1. Our colleague Judge Sullivan anticipated a need for such clarification in *Gardner v. State,* 678 N.E.2d 398 (Ind.Ct.App.1997):

The bright line between suspended-sentence punishments and executed-sentence punishments has been blurred by the implementation of the new alternative programs. Therefore, it may no longer be appropriate to make broad-sweeping assertions of punishments in either category. With the community corrections programs, for example, we have a hybrid punishment involving a suspended sentence which may be revoked, yet requires the defendant receive credit for time served. The case before us does not require the resolution of the host of legal issues which arise from the characterization of the sentence. Other problems may occur which find their genesis in this hybrid-type sentence; however, it is for the courts to solve those problems as they arise unless our legislature sees fit to clarify the exact nature of these "alternative" forms of sentencing.