Jami **MARTIN**, Appellant–Defendant,

v.

**STATE** of Indiana, Appellee–Plaintiff.

No. 03A01–0012–PC–412.

Court of Appeals of Indiana.

May 31, 2001.

John Pinnow, Special Assistant to the State Public Defender, Greenwood, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Nandita G. Shepherd, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

VAIDIK, Judge.

### Case Summary

Jami Martin appeals the trial court's denial of credit time for 139 days that he accrued while on home detention as a condition of his probation. Based on the statutory provisions governing probation and community corrections programs, the objective of probation and the degree of restriction of liberty imposed on the probationer on home detention, we affirm.

### Facts and Procedural History

On April 25, 1988, Martin pleaded guilty to two counts of dealing in cocaine, class B felonies.[1] The trial court sentenced Martin to twenty years for each count, to be served concurrently. On October 23, 1989, the trial court modified his sentence and placed him on probation.

On December 17, 1992, the State filed a petition to revoke Martin's probation. On April 14, 1993, Martin admitted that he violated his probation. The trial court ordered Martin to serve four and one-half months in home detention as a term of probation. Martin served 139 days on home detention.

On September 7, 1995, the State again filed a petition to revoke probation. Mar-

tin admitted violating probation, and the trial court ordered him to serve the balance of his sentence. On January 2, 1997, Martin filed a motion *pro se* to receive credit time for the 139 days he served on home detention. The trial court denied the motion. On March 26, 1997, Martin filed a second motion with counsel to receive credit time for the 139 days of home detention. Again, the trial court denied the motion.

On February 5, 1999, Martin filed a Motion for Modification of Sentence by counsel. The trial court denied the motion. On March 31, 1999, Martin filed an Amendment to Petition for Post–Conviction Relief that the court also denied. Martin appealed arguing that the court abused its discretion in denying his request for modification of sentence. In this appeal, Martin did not raise the issue of jail time credit. We affirmed the post-conviction court's ruling on April 12, 2000.[2]

On July 10, 2000, Martin filed a third Motion for Jail Time Credit. This motion was denied on August 15, 2000. On September 6, 2000, Martin filed a Motion to Correct Error, which the trial court denied. This appeal ensued.

### Discussion and Decision

Martin contends that he is entitled to credit against his sentence for the 139 days he served on home detention as a condition of probation.[3] Martin relies on two cases to support his contention, namely *Purcell v. State*, 721 N.E.2d 220 (Ind. 1999) and *Dishroon v. State*, 722 N.E.2d

---

1. Ind.Code § 35–48–4–1.

2. *See Martin v. State*, 727 N.E.2d 39 (Ind.App. 2000) (unpublished memorandum decision).

3. We note that the State counters that the issue is barred by principles of *res judicata*.

However, a defendant should not be incarcerated for any duration longer than that allowed by law. *See Weaver v. State*, 725 N.E.2d 945, 947 (Ind.Ct.App.2000). Therefore, we address Martin's contention.

385 (Ind.Ct.App.2000). In *Purcell,* our supreme court held that a defendant sentenced to home detention pursuant to a community corrections placement is entitled to credit for time served on such detention. 721 N.E.2d at 223. In making this conclusion, the court examined the statutory language regarding community corrections placement. The statute provides: "if a person who is placed [in a community corrections program] violates the terms of the placement, the court may . . . [r]evoke the placement and commit the person to the department of correction for the *remainder* of the person's sentence." Ind.Code § 35–38–2.6–5 (emphasis added). The court reasoned that because the statute provided for the "remainder of the person's sentence" to be served, the legislature intended for the person to receive credit for the time served in a community corrections program and for time served on home detention pursuant to such a program. *Purcell,* 721 N.E.2d at 223.

A panel of this court extended the *Purcell* reasoning in *Dishroon* to cover appellants seeking credit for time served on home detention as a condition of probation. We found that the distinction between an individual placed in a community corrections program and an individual placed in home detention as a condition of probation is irrelevant. *Dishroon,* 722 N.E.2d at 389. We reasoned further that even though a defendant is serving time at home, restrictions are still being placed on his liberty and he is entitled to the credit for time actually served. *Id.*

We reconsidered the *Dishroon* rationale on the issue of credit for time served on home detention as a condition of probation in *Palmer v. State,* 744 N.E.2d 525 (Ind.Ct. App.2001). We found that there was a

distinction between the statutory language governing community corrections and probation. In particular, unlike violating the terms of placement in community corrections programs, violating the terms of a condition of probation does not dictate that the individual be committed for the "remainder" of his sentence. Instead, upon violation of the terms of probation, the court may "order execution of the sentence that was suspended at the time of the initial sentencing." *Palmer,* 744 N.E.2d at 528 (quoting Ind.Code § 35–38–2–3(g)[4]). We reasoned that:

> [I]f an offender was entitled to credit for time served, the legislature would have provided that commitment after revocation was for the remainder of the offender's sentence, not for the entire sentence imposed. We believe that the legislature's distinction between the community corrections context and the probation context with respect to credit for time served extends to situations where a court imposes home detention as part of a community corrections program, a person is not similarly entitled to credit for time served as a condition of probation.

*Id.* at 528–29.

In addition, we found that the purpose and policy underlying probation supports denying credit time for probation violations. *Id.* at 529. Specifically, the purpose of home detention is to rehabilitate the probationer. *Id.* If a probationer violates probation on home detention, giving him credit for time served on home detention "severely undermines the purpose and policy underlying probation, as it decreases the probationer's incentive to comply with the conditions of his probation by reducing the consequence of committing a

---

4. We note that the Indiana Legislature recently passed Bill No. 358 regarding the language of Ind.Code § 35–38–2–3(h) and as of July 1, 2001 individuals will receive credit for time served on home detention. However, it does not change the outcome of this case.

violation." *Id.* Finally, under the "restriction of liberty" test, the degree of denial of liberty is not sufficient to support credit for time served because the probationer enjoys the benefits of living at home. *Id.* at 529–30. Accordingly, we held that appellant was not entitled to credit for the time served on home detention as a condition of his probation. *Id.* at 530.

As we noted in *Palmer,* this is a complex area of the law where reasonable minds may differ. However, based on the statutory provisions, the objective of probation, and the degree of restriction of liberty outlined in *Palmer,* we find that Martin is not entitled to credit for the time he served on home detention as a condition of his probation.

Judgment affirmed.

BROOK, J., concurs.

ROBB, J., dissents with separate opinion.

ROBB, Judge, dissenting.

I respectfully dissent. I write separately because I believe Martin should receive credit for the 139 days he served on home detention. I also write separately to clarify a statement made in the majority opinion.

In *Dishroon,* we held that although a defendant serves time at home while on home detention, he or she is still being restricted of his or her liberty and therefore, he or she has the right to be credited for the time he or she actually served. *See Dishroon,* 722 N.E.2d at 389. Our decision in *Dishroon* was handed down on January 24, 2000. On January 16, 2001, Senate Bill No. 358 was first read. It provides that a person on home detention, as a condition of probation, shall receive credit for time served. Specifically, Senate Bill No. 358 (P.L. 166) states that effective July 1, 2001, Indiana Code section

35–38–2–3(h) shall be amended to read, "[i]f the court finds that the person has violated a condition of home detention at any time before termination of the period and the petition to revoke probation is filed within the probationary period, the court shall ... *provide credit for time served as set forth under IC 35–38–2.5–5.*" Clearly, the purpose of this bill was to clarify, not change, our decision in *Dishroon.* Thus, I believe *Palmer,* to the extent that it disagrees with our holding in *Dishroon,* is incorrect. Further, I find the distinction laid out in *Palmer* that home detention in the community corrections and the probation contexts are different, particularly deciding when a defendant on home detention is entitled to credit time, is also erroneous. Regardless of what context an individual is serving time on home detention, he is being restricted of his liberty and should be entitled to credit for the time served, thus, I further disagree with the *Palmer* decision. Our legislature has now made it clear that a person on home detention as a condition of probation shall receive credit for time served. Thus, I believe that Martin should receive credit for the 139 days he spent on home detention.

Further, the majority opinion, citing the *Palmer* case, states that "the purpose of home detention is to rehabilitate the probationer." Op. at 430. In so much as the majority believes the fact that the purpose of home detention is to rehabilitate the probationer determines whether or not credit time is due, I wish to reiterate that under the Indiana Constitution, all sentences and "punishment" are deemed to have the purpose of rehabilitating the defendant. "The penal code shall be founded on the principles of reformation, and not of vindictive justice." Ind. Constitution, Art. 1, § 18. As such, to the extent that the majority reasons that the fact that the

rehabilitative purpose of home detention therefore precludes credit time, I disagree. If this were the case, based on the fact that all punishment is rehabilitative in Indiana, then credit for time served would never be granted to any defendant serving time, whether in a correctional facility or at home.

Because I believe that *Dishroon* is proper precedent for this case and because the legislature has acknowledged that a defendant on home detention shall receive credit for time served, Martin should receive credit for the time he served on home detention. Therefore, I respectfully dissent.