**Patrick R. OSWALT, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 35A05–0011–CR–474.**

Court of Appeals of Indiana.

June 4, 2001.

Jill M. Denman, John W. Bailey, Matheny, Michael, Hahn & Bailey, Huntington, Indiana, Attorneys for Appellant.

Karen Freeman–Wilson, Attorney General of Indiana, Nandita G. Shepherd, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

SHARPNACK, Chief Judge

Patrick R. Oswalt appeals from an order denying credit against his sentence for 180 days he spent in a substance abuse treatment program. The single issue raised is whether Oswalt is entitled to receive credit for the time spent in the treatment facility when completion of a substance abuse program at the facility was a condition of his probation.[1] We affirm.

The relevant facts follow. On July 6, 1999, Oswalt pleaded guilty to possession of marijuana as a class D felony,[2] and to driving with a suspended license as a class A misdemeanor.[3] In a letter to the court, Oswalt wrote that he and his family believed he would "benefit greatly from some type of drug rehabilitation program." Record, p. 47. Later, at his sentencing hearing, Oswalt testified that he wanted "to do something" about his "serious" substance abuse problem. Record, p. 125. The assistant director of New Horizons Recovery House ("New Horizons"), a substance abuse treatment facility, testified that he would "like to have a chance to work with Oswalt[.]" Record, p. 127.

The trial court imposed a one and one-half year sentence, with all but 180 days suspended, for possession of marijuana, and a concurrent one-year sentence, with all but 180 days suspended, for driving with a suspended license. Upon release, Oswalt was to be placed on probation for three years. As a condition of probation, the court ordered Oswalt to complete the New Horizons substance abuse program.

After Oswalt's release from prison, he completed a 180–day program at New Horizons. Before his probationary period ended, however, the State alleged that Oswalt failed a drug test and petitioned to revoke his probation. Oswalt admitted the probation violation, and the trial court ordered him to serve the suspended portion of his original sentence. The court declined Oswalt's request for 180 days credit against his sentence for the time spent at New Horizons.

Oswalt asserts that he was entitled to credit against his sentence for the period

---

1. Oswalt seeks credit for time actually served at the treatment facility, not good time credit, which is the additional credit a prisoner receives for good behavior and educational attainment. *See Purcell v. State,* 721 N.E.2d 220, 222 (Ind.1999) (distinguishing the two concepts), *reh'g denied.* As Oswalt correctly observes, Ind. Code § 35–50–6–6(a) does not permit a person to earn good time credit while on probation.

2. Ind. Code § 35–48–4–11.

3. Ind. Code § 9–24–18–5(b) (repealed, amended and recodified at Ind. Code § 9–24–19–3).

of time spent at the treatment facility because he was required to complete the substance abuse program there as a condition of probation. Oswalt likens New Horizons to a penal facility and argues that he was serving a term of imprisonment in such a facility. In part, Oswalt relies upon *Roll v. State*, 473 N.E.2d 161 (Ind.Ct.App. 1985). There, Sureeporn Roll befriended Terry Stokes, a resident of Second Chance Halfway House, a facility that provided community-based work release programs for "'committed offenders.'" *Id.* at 162. Roll addressed a greeting card to Stokes and placed the envelope on her roommate's kitchen table. The roommate, a postal service employee, mailed the envelope, which arrived at Second Chance. When the envelope was opened, 0.2 grams of marijuana were discovered inside. *Id.* Roll was charged and convicted of trafficking with an inmate. *Id.* at 163.

On appeal, Roll argued that Second Chance was not a "penal facility," as required under the criminal statute. *Id.* (citing Ind. Code § 35–44–3–9 (Burns Supp. 1984)). At that time, our code defined "penal facility" as a "'... state prison, reformatory, county jail, penitentiary, house of correction, state farm, *or any other facility for the confinement of persons* under sentence, or awaiting trial or sentence, for offenses.'" *Id.* (quoting Ind. Code § 35–41–1–21 (Burns Supp. 1984)) (emphasis supplied in *Roll*).[4] In holding that the halfway house met the statutory definition of a penal facility, we noted that (1) the halfway house was under contract with the Department of Correction ("DOC") to provide work release programs for minimum security individuals committed to the DOC's custody, and (2) halfway

house residents who leave are considered "escapees," subject to immediate arrest. *Id.*

Unlike in *Roll*, Oswalt was not "committed" to the DOC's "custody." Indeed, the record includes no evidence of any arrangement between the DOC and New Horizons or of any supervision of Oswalt's activities at the facility by the DOC or any other state entity. Further, Oswalt has not shown that he would have been subject to immediate arrest as an "escapee" if he had prematurely left the facility. *See Parker v. State*, 676 N.E.2d 1083, 1085 (Ind.Ct. App.1997) (discussing procedural due process requirements of probation revocation). We are not persuaded that Oswalt was serving a term of imprisonment in a penal facility.

Oswalt also cites *Dishroon v. State*, 722 N.E.2d 385 (Ind.Ct.App.2000), for the principle that a probationer is entitled to credit for time served on home detention. He points out that, at New Horizons, he could not set his eating, sleeping, or recreation schedule. In addition, he was isolated from his family and friends. As such, Oswalt urges that New Horizons was "more of a confinement" than being on home detention so that he, too, should receive such credit. Appellant's Brief, p. 7.

Oswalt correctly represents the holding in *Dishroon*. That decision rested largely on our supreme court's conclusion that persons on home detention, as part of a direct placement in a community corrections program, are entitled to credit for actual time served. *Dishroon*, 722 N.E.2d at 388–389 (citing *Purcell*, 721 N.E.2d at 223–224). Comparing the restrictions of liberty involved with home detention in the

---

4. In 1996, Ind. Code § 35–41–1–21 was amended by substituting "correctional facility" for "reformatory," and by deleting "state farm" after "house of correction," to read in part: "'Penal facility' means state prison, correctional facility, county jail, penitentiary, house of correction, or any other facility for confinement of persons under sentence, or awaiting trial or sentence, for offenses."

contexts of probation and community corrections programs, a panel of this court decided that probationers should also receive credit for time served on probationary home detention. *Id.* at 389.

More recently, however, another panel of our court considered the same issue and reached the opposite conclusion. *See Palmer v. State,* 744 N.E.2d 525 (Ind.Ct. App.2001), *trans. pending.* The judges in *Palmer* observed that one who is on home detention as part of a direct placement in a community corrections program is serving his sentence at home rather than in a DOC facility. *Id.* at 529 n. 6. The panel examined statutes, the supreme court's reasoning in *Purcell,* the purpose and policy underlying probation, and the restrictions of liberty involved, then concluded that a person is not entitled to credit for actual time served on home detention as a condition of his probation. *Id.* at 528–530. The decision in *Palmer* ended with a plea to the General Assembly "to engage in a full review of probation" and related matters in order "to resolve what is now a patchwork quilt of contradiction and confusion." *Id.* at 530.[5]

In any event, in this case, Oswalt was not on home detention.[6] Rather, the court complied with Oswalt's request for rehabilitation services, making completion of the substance abuse program a condition of his probation. As such, Oswalt's placement at New Horizons was designed to ensure that his probation served as a period of genuine rehabilitation. *See Carswell v. State,* 721 N.E.2d 1255, 1258 (Ind.Ct.App.1999).

Because attendance at New Horizons was a condition of probation, Oswalt's placement at the substance abuse facility was not entirely voluntary. *Cf. Dixon v. State,* 685 N.E.2d 715, 717–718 (Ind.Ct. App.1997) (affirming the denial of credit for days served in a substance abuse rehabilitation program and a halfway house where the defendant entered the programs voluntarily with the permission of the trial court). Yet, there is no evidence that the court monitored or restricted Oswalt's movements while he remained at New Horizons. *See id.* at 718 (observing that, in home detention, a defendant's movements are generally limited to travel to and from work and are supervised by the trial court). As with the other terms of probation, Oswalt was free to disregard the court's order and incur the risk that the State would initiate probation revocation proceedings. Under these circumstances, Oswalt was not entitled to credit for the 180 days he spent at New Horizons. The trial court properly ordered execution of the sentence that was suspended at the time of initial sentencing. *See* I.C. § 35–38–2–3(g)(3).

For the foregoing reasons, we affirm the decision of the trial court.

Affirmed.

KIRSCH, J. and MATTINGLY–MAY, J., concur.

---

**5.** Our legislature has answered the *Palmer* court's plea. In its most recent session, the legislature amended Ind. Code § 35–38–2.5–5 so that as of July 1, 2001, the statute will provide that a person confined on home detention as a condition of probation earns credit for time served. Act of May 22, 2001, Pub. L. No. 166, sec. 2 (2001).

**6.** "Home" for purposes of "home detention" as a condition of probation includes a health care facility, group home, and residential treatment facility. Ind. Code § 35–38–2.5–2. Oswalt does not claim he was on home detention under the statute. Indeed, orders for home detention must set forth specific conditions in compliance with Ind. Code § 35–38–2.5–6, and no such order was entered in this case.