**Michael G. STITH, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 18A02–0108–PC–506.

Court of Appeals of Indiana.

April 30, 2002.

Steven J. Bruce, Muncie, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Joseph A. Samreta, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

### OPINION

MATTINGLY–MAY, Judge.

Michael Stith appeals his commitment to the Department of Correction after he violated his probation. He raises one issue on appeal, which we restate as whether the trial court erred in declining, in probation revocation proceedings, to give Stith credit for time he served on home detention.

We reverse.

### FACTS AND PROCEDURAL HISTORY

In May of 1999, Stith entered a guilty plea to operating while intoxicated. He was sentenced to one year in the Depart-

ment of Correction, which sentence was suspended on the condition he complete two years of supervised probation. The probation included one year of home detention. In July of 2000, the trial court determined Stith had violated his probation and it reinstated the one-year sentence. The court did not credit Stith for the time he had served on home detention, and Stith was accordingly committed to the Department of Correction.

## DISCUSSION AND DECISION

Stith was originally sentenced on May 5, 1999. At that time, the statute governing home detention for probationers was silent on the question whether a probationer on home detention was entitled to credit time, and two panels of this court had reached different conclusions regarding that question. In *Dishroon v. State*, 722 N.E.2d 385, 388 (Ind.Ct.App.2000), a panel of this court determined a probationer was entitled to credit for time served on home detention.[1] That panel held that although a defendant serves time at home while on home detention, he or she is still being restricted of his or her liberty and therefore, he or she has the right to be credited for the time he or she actually served. That panel also noted that the statute did not preclude giving such credit time, *id.* at 389, and that probationers were entitled to receive credit for the time served in a community corrections program and for time served on home detention pursuant to such a program. *Id.*

Shortly thereafter, a different panel of this court declined to follow *Dishroon* and held that credit for time served is not available to a probationer on home detention. *Palmer v. State*, 744 N.E.2d 525, 530 (Ind.Ct.App.2001). The *Palmer* panel determined that under the "restriction of liberty" test applied in *Dishroon*, the de-

gree of denial of liberty is not sufficient to support credit for time served because the probationer enjoys the benefits of living at home and because, for various other reasons, "the restrictions on individual liberty as a result of home detention in the probation context are not as great as restrictions placed on individual liberty in the community corrections program context." *Id.* at 530.

That panel also noted that there was a distinction between the statutory language governing community corrections and probation, and stated

> the legislature's distinction between the community corrections context and the probation context with respect to credit for time served extends to situations where a court imposes home detention as a condition of either. Thus, it is our opinion that while a person is entitled to credit for time served on home detention as part of a community corrections program, a person is not similarly entitled to credit for time served as a condition of probation.

*Id.* at 528–29.

The *Palmer* panel acknowledged that reasonable minds could differ on the issue before that court,

> particularly in light of the cogent and well-articulated argument put forth by our colleagues in *Dishroon*. As such, it is our hope that the General Assembly will visit this entire alternative-sentencing morass. We urge the General Assembly to engage in a full review of probation, community-based corrections, good time credit, and the contradictions between I.C. Chapter 2.5 and I.C. Chapter 2.6., in order to establish what public policy should be in this area and to

---

1. The State does not address, or even acknowledge, *Dishroon* in its brief.

resolve what is now a patchwork quilt of contradiction and confusion.

*Id.*

The general assembly did so, and removed the statutory distinction between probation-based home detention and community corrections-based home detention upon which the *Palmer* panel had relied. Shortly after *Palmer* and *Dishroon* were handed down, the general assembly amended Ind.Code § 35–38–2.5–5 effective July 1, 2001 to add subsection (e), which states "A person confined on home detention as a condition of probation earns credit for time served."

■ In amending an act, the legislature is presumed to have in mind the history of the act and the decisions of the courts on the subject matter of the legislation being construed. *Egan v. Bass*, 644 N.E.2d 1272, 1274 (Ind.Ct.App.1994). Further, when the general assembly replaces the provision of an act that has been construed by the courts, it is presumed that it is responding to those appellate decisions that construed the legislation. *Id.*

■ While the State does not acknowledge the *Dishroon* decision, it does correctly note that "[a]s a general rule, the law that was in effect at the time of the commission of a crime is controlling" (Br.

of Appellee at 3), *citing Holsclaw v. State*, 270 Ind. 256, 384 N.E.2d 1026, 1030 (1979).[2] Therefore, in light of our conflicting prior holdings in *Dishroon* and *Palmer*, the 2001 amendment to the statute, and the statute's silence on this question prior to the 2001 amendment, we are obliged in the case before us to revisit the question of which decision represents the law that was "in effect" at the time Stith committed his crime.

We believe the 2001 amendment to the statute reflects the legislature's clarification of its preexisting intent that probationers on home detention be entitled to credit time. We accordingly choose to follow *Dishroon* as more accurately reflecting the legislative intent to be gleaned from the "patchwork quilt of contradiction and confusion," *Palmer*, 744 N.E.2d at 530, that existed prior to the July 2001 amendment to the statute.[3]

Stith was entitled to credit time for the period when he was on home detention as a condition of his probation, and we therefore reverse.

NAJAM, J., concurs.

BAKER, J., concurring with separate opinion.

---

**2.** The State characterizes Stith's argument as a request that we apply to his case "the current version of Indiana Code § 35–38–2.5–5 through the doctrine of amelioration" (Br. of Appellee at 2) and it devotes its entire argument to an explanation of why that doctrine does not apply. In fact, Stith's primary argument is that the legislature's amendment of that statute reflects its previously unstated intent that a probationer on home detention be entitled to credit time. Stith mentions the doctrine of amelioration in only one paragraph of his argument as "further support" for his primary argument. (Br. of Defendant–Appellant at 9). The State does not address Stith's primary argument.

**3.** A third panel of this court discussed at length the conflict between *Dishroon* and *Palmer*, and followed *Palmer*. Our supreme court has since granted transfer. *Martin v. State*, 748 N.E.2d 428 (Ind.Ct.App.2001), *transfer granted* 761 N.E.2d 415 (Ind.2001). More recently, in *Senn v. State*, No. 03A01–0110–PC–387, 2002 WL 734356, —— N.E.2d —— (Ind.Ct.App. April 26, 2002) Judge Riley engaged in an analysis similar to ours and concluded, as do we, that the legislative amendment represented an effort to clarify the pre-existing law and that a defendant who has served time on home detention as a condition of probation is entitled to credit for the time served.

BAKER, Judge, concurring.

I agree with the majority's conclusion that the trial court erred in denying Stith credit for the time he served while on home detention. I write separately, however, to emphasize that the specific legislative clarification now made a part of Ind. Code § 35–38–2.5–5, which permits an individual confined to home detention as a condition of probation to earn credit time for time served, came in direct response to some of the problems that our trial judges encounter when a defendant is ordered to serve a sentence in a place other than a community corrections facility. As the majority points out, it is presumed that the general assembly is responding to the appellate decisions that have construed particular legislation when it replaces a provision of an act that has been construed by the courts. Op. at —— (citing *Egan v. Bass*, 644 N.E.2d 1272, 1274 (Ind.Ct.App. 1994)).

In *Palmer v. State*, 744 N.E.2d 525 (Ind. Ct.App.2001), we held that a defendant should not earn credit time when he is placed on home detention because the degree of the denial of liberty was not sufficient to warrant such credit. *Id.* at 530. The recent amendment to I.C. § 35–38–2.5–5 now makes it clear that a defendant is entitled to receive that credit and seemingly puts the controversy between the *Palmer* and *Dishroon* holdings to rest. In essence, the legislature accepted our invitation in *Palmer* to revisit the once existing "patchwork quilt of contradiction and confusion" in this area. *Id.*

In addition to the legislative change, it is also noteworthy that our supreme court has granted transfer in *Martin v. State*, 748 N.E.2d 428 (Ind.Ct.App.2001), where this court followed the reasoning in *Palmer* and affirmed the trial court's denial of the probationer's request for credit for time served on home detention. Inasmuch

as our supreme court has taken such action and our legislature now expressly permits a defendant to receive such credit time, it is apparent to me that Stith should be entitled to the same.