**Amanda D. BROWN, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 62A01–1105–CR–224.**

Court of Appeals of Indiana.

Nov. 22, 2011.

---

Kimberly A. Jackson, Indianapolis, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Richard C. Webster, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

DARDEN, Judge.

### STATEMENT OF THE CASE

Amanda D. Brown appeals the trial court's sentencing order following the trial court's determination that Brown failed to successfully complete a pre-conviction forensic diversion program ("pre-conviction diversion program").

We reverse and remand.

*ISSUES*

1. Whether the trial court erred in not giving Brown credit for time served and credit time for pre-conviction incarceration and credit time for pre-suspension incarceration.

2. Whether the trial court erred in not giving Brown credit for time served and credit time for time spent in residential drug treatment as part of a pre-conviction diversion program.

*FACTS*

On October 14, 2010, Brown was arrested by Tell City police when they found drugs in her home during a lawful search.[1] Four days later, the State charged Brown with Count 1: dealing in marijuana, a class C felony; Count 2: possession of marijuana, a class D felony; Count 3: possession of paraphernalia, a class A misdemeanor; and Count 4: possession of a controlled substance, a class C felony. She remained incarcerated on these charges through February 22, 2011.

On February 22, 2011, the trial court verbally accepted a written plea agreement that called for Brown to plead guilty to Count 2: possession of marijuana, a class D felony, with all other counts dismissed. Under the terms of the agreement, Brown would be sentenced to the Department of Correction for three years, with credit for time served in pretrial detention of 131 days. The sentence was stayed under Indiana Code section 11–12–3.7–11, a statute that allows the offender to plead guilty and request placement in a pre-conviction diversion program.[2] Under the plea agreement adopting the statutory scheme, all charges were to be dismissed if Brown successfully completed the pre-conviction diversion program. However, if Brown failed to successfully complete the program, the trial court could terminate her participation in the program, enter judgment of conviction on the possession of marijuana count, and impose the three-year sentence. On February 23, 2011, the trial court made a minute entry stating that Brown "is placed under the supervision of the Perry County Substance Abuse Court" and "is given credit for 131 days in pretrial detention from October 14, 2010 through February 22, 2011." (App.37).

Apparently, Perry County does not have a residential treatment facility, and on or about February 24, 2011, Brown reported to the YWCA diversion program in Van-

---

1. Tell City is in Perry County.

2. A pre-conviction diversion program is a program designed to provide an opportunity to receive community treatment or other services addressing addiction to an adult who has an addictive disorder and who has been "charged with a crime that is not a violent offense." Ind.Code § 11–12–3.7–4. A person eligible for participation in a pre-conviction diversion program under Ind.Code § 11–12–3.7–11 is a person with an addictive disorder who has been charged with a non-violent offense, including a class D felony that may be reduced to an class A misdemeanor. The trial court is required to advise the person that (1) the person is "required to enter a guilty plea to the offense with which [she] has been charged"; (2) the court will stay entry of judgment during the time the person is suc-

cessfully participating in the program; (3) the court will lift the stay, enter the judgment of conviction, and sentence the person accordingly if the person stops successfully participating in the program; (4) the person may be required to remain in the program for a period not to exceed three years; (5) the person may be confined for treatment in an institution, released for treatment in the community, receive supervised aftercare in the community, or receive a combination of these alternatives; (6) the court will waive entry of judgment of conviction and dismiss the charges if the person successfully completes the program; and (7) the court shall determine the person's success after considering a report from the program representative. I.C. § 11–12–3.7–11(b).

derburgh County for eight months of drug treatment.[3] On or about March 21, 2011, Brown told her YWCA program case manager that she would not be able to pass a drug test if required to take one. The case manager informed Brown that if she failed the drug test, she would be returned to jail, and Brown left the program without permission on March 22, 2011, so she could spend some time with her children before again being incarcerated.

On March 22, 2011, the Director of Perry County Community Corrections filed a notice of violation alleging that Brown had left the YWCA diversion program without permission. Three days later, the Director filed a second notice of violation alleging that Brown tested positive for marijuana on March 21, 2011. Brown was arrested on March 25, 2011, and was incarcerated while awaiting the trial court's determination regarding the notices of violation.

At a hearing on April 20, 2011, Brown admitted that she failed to cooperate with the YWCA by leaving the diversion program before its scheduled termination. Brown further admitted that she told YWCA officials that she would not be able to pass the March 21, 2011 drug test. Brown requested a second chance at the program and, alternatively, she requested credit for time served and credit time for days spent in incarceration and in the pre-conviction diversion program.

At the conclusion of the hearing, the trial court found that Brown was "in violation of the conditions of the Substance Abuse Court Program of Perry County." (Tr. 82). The trial court terminated Brown's participation in the pre-conviction diversion program, lifted the stay, and pursuant to the plea agreement, entered judgment of conviction on the possession of marijuana count. The trial judge sentenced Brown to three years' incarceration and stated she would "absolutely give you any time that you served on this case as credit. I will have my court reporter check any day that you served either before you went to the Y or after you went that you are being held currently. I will give you credit for all that time." (Tr. 82–83).

In its written sentencing order, the trial court gave Brown 27 days credit for time served in the Perry County Jail between the March 25, 2011 date of her arrest for violation of the pre-conviction diversion program through the April 20, 2011 date of sentencing. No other credit for time served or credit time was given.

## DECISION

1. *Credit for Pre–Diversion and Pre–Sentencing Incarceration*

 Brown contends that the trial court erred in failing to give her credit for time served in the Perry County Jail prior to her assignment to the pre-conviction diversion program. Brown maintains that she served 132 days in jail from the date of her original arrest on October 14, 2010, through the date of release to Community Corrections on or about February 23, 2011. Brown further maintains that she served 27 days in jail from the time of her arrest on March 25, 2011, through sentencing on April 20, 2011. Brown argues that she is entitled to 159 days credit for time served in jail during these two time periods.

The State concedes that this case "should be remanded to clarify the trial court's finding and to ensure that it is

---

3. A county's pre-conviction diversion program is developed by an advisory board that may contract with "existing public or private agencies to operate one (1) or more components of the program." I.C. § 11–12–3.7–7.

correct and fair to the Defendant." (State's Br. at 6). The State notes that Brown had already received credit for 131 days in the trial court's February 23, 2011 written entry.

The State is correct that the trial court's February 23, 2011 written entry accepting the plea agreement indicates Brown is entitled to at least 131 days credit for time served. However, it is clear that the trial court did not incorporate the award of credit into its final sentencing order. Thus, we remand with instructions that the trial court enter an order that complies with Indiana Code section 35–38–3–2(b)(4) showing credit for both periods of pre-sentencing confinement.[4]

■ Brown also contends that the trial court erred in failing to award credit time for the periods of incarceration discussed above.[5] Indiana Code section 35–50–6–3 provides that a "person assigned to Class I earns one (1) day of credit time for each day the person is imprisoned for a crime or confined awaiting trial or sentencing." Indiana Code section 35–50–6–6(a) provides that a "person who is not a credit restricted felon and who is imprisoned awaiting sentencing is initially assigned to Class I." A person continues to earn Class I credit time prior to sentencing unless the Sheriff or other penal authority deprives the offender of Class I status. *Robinson v. State*, 805 N.E.2d 783, 792 (Ind.2004). Here, there is no evidence that Brown was deprived of Class I status.

■ "[A] trial court's sentencing judgment must include both days imprisoned before sentencing and the credit time earned thereby, thus reflecting any credit time deprivation imposed before sentencing." *Id.* (explaining Indiana Code section 35–38–3–2(b)(4), which provides that the trial court's judgment of conviction and sentence must include "the amount of credit, including credit time earned, for time spent in confinement before sentencing"). In an effort "to facilitate the fair and expeditious resolution of appellate litigation arising from these judgments," our supreme court has adopted the following presumption: "sentencing judgments that report only days spent in presentence confinement and fail to expressly designate credit time earned shall be understood by the courts and by the Department of Correction automatically to award the number of credit time days equal to the number of pre-sentence confinement days." *Id.*

In order to make its judgment of sentence consistent with Indiana Code section 35–38–3–2(b)(4), the trial court should state in its revised sentencing judgment the number of credit time days earned by Brown during her pre-diversion and pre-sentencing incarcerations, a number that will match the credit for days served. This statement will prevent the need to resort to judicial presumptions.

## 2. Credit for Time Spent in the Pre-Conviction Diversion Program

■ Brown further contends that the trial court erred in failing to credit her for time served and for credit time in residential treatment at the YWCA as part of the

---

4. While Brown calculates the credit as 132 days actually served on or before February 23, 2011, both she and the State agree that Brown is entitled to credit for at least 131 days actually served on or before February 23, 2011, and for the 27 days actually served from March 25, 2011, through April 20, 2011, plus credit time.

5. The Indiana Code uses the term "credit time" to refer to "the statutory reward an offender receives when he [or she] follows the rules of a penal facility, community transition program, or community corrections program." *Arthur v. State*, 950 N.E.2d 343, 344 (Ind.Ct.App.2011), *trans. denied.*

pre-conviction diversion program. Brown notes that she entered the pre-conviction diversion program on February 24, 2011, and left the program on or about March 22, 2011.

Brown was placed in the pre-conviction diversion program under Indiana Code section 11–12–3.7, which does not specifically refer to the application of credit for time served or credit time. However, Brown cites Indiana Code section 35–50–6–6, which provides that "[a] person imprisoned for a crime earns credit time irrespective of the degree of security to which he is assigned." She notes that credit time is available to offenders on home detention and others directly placed in community corrections programs under Indiana Code section 35–38–2.6–6, although such detention is, in Brown's opinion, less restrictive than a residential drug treatment diversion program like the one in which she participated.

We initially observe that Indiana Code section 35–50–6–6 refers to a person who has been sentenced and who has been imprisoned for a crime. The statute does not appear to apply to a person, like Brown, who has served in a pre-conviction diversion program. Furthermore, Indiana Code section 35–38–2.6–6 applies to a person who, unlike Brown, has been placed in a community corrections program as a result of a direct placement. Accordingly, neither statute applies to the issue before us.

In *Molden v. State,* 750 N.E.2d 448 (Ind. Ct.App.2001), we addressed the issue of whether a person in pretrial home detention may be entitled to credit toward her sentence. We quoted *Purcell v. State,* 721 N.E.2d 220, 224 n. 6 (Ind.1999) for the proposition that "a defendant is only entitled to credit time toward sentence for pretrial time served in a prison, jail[,] or other facility [that] imposes substantially

similar restrictions upon personal liberty." *Id.* at 450. The question then, is whether the pre-conviction diversion program imposed restrictions upon Brown that are substantially similar to those imposed upon personal liberty in a prison or jail.

In *Dixon v. State,* 685 N.E.2d 715 (Ind. Ct.App.1997), we addressed the issue of whether Dixon was entitled to credit time for time he spent in an in-patient rehabilitation program and a half-way house prior to his conviction. We stated that in *Capes v. State,* 634 N.E.2d 1334 (Ind.1994), our supreme court held that pretrial home detention qualified for credit time because Indiana Code section 35–38–2.6–6 allowed credit time to individuals assigned to community corrections programs and placed on home detention as part of their sentence. *Id.* at 717. We further stated that *Capes* was not controlling on the issue of credit time for voluntary rehabilitation programs, as such programs were "not equivalent to serving time on home detention." *Id.* at 718. We then held that the programs in which Dixon served were not as restrictive as home detention.

Here, the State cites *Dixon* in support of its argument that credit is not due to Brown for time spent in the residential drug treatment program at the YWCA, while Brown cites elements of the program that might indicate that the program is more restrictive than the programs assessed in *Dixon.*

It is clear from the transcript of the fact finding hearing that the trial court and the parties were familiar with the specific limitations and requirements of the YWCA's diversion program. After all, the trial court ordered Brown to serve the pre-conviction diversion program at the YWCA, a community corrections case manager, by his own testimony, chose the Evansville YWCA's program as a proper venue for the pre-conviction diversion pro-

gram, and Brown participated in the program. Our review of the transcript shows that (1) Brown was originally opposed to the YWCA program because of its location in a different county from the Perry County residence where Brown's two children were staying with Brown's mother; (2) the YWCA program was a residential program; and (3) the program was under some degree of supervision by the trial court and the Perry County Community Corrections program. These things appear to show that the YWCA pre-conviction diversion program imposed significant limitations on Brown's personal liberty. However, there is insufficient specific evidence from the transcript to allow a reviewing court to determine whether the YWCA program imposed restrictions upon Brown that are substantially similar to those imposed upon personal liberty in a prison or jail.[6] Accordingly, we instruct the trial court on remand to conduct a hearing in which specific evidence about the program is entered and, if warranted, to issue a revised sentencing order granting credit for time served and credit time.

### CONCLUSION

The trial court appears to have erred in not awarding Brown credit for time served and credit time for days spent in jail before her actual entrance into the pre-conviction diversion program at the YWCA. In addition, the trial court erred in not awarding Brown credit time for days she spent in jail between her arrest for violation of the pre-conviction diversion program and her sentencing date. We reverse and remand with instructions that the trial court amend its sentencing statement in accordance with our holding.

6. The "Perry County Substance Abuse Court Participant Manual" was part of the evidence. It states general rules of participation, but it

The record is insufficient to support appellate review regarding the issue of whether Brown is entitled to credit and/or credit time for time spent in the pre-conviction diversion program. We remand with instructions.

Reversed and remanded.

FRIEDLANDER, J., and VAIDIK, J., concur.

does not state any specifics about the program to which Brown was assigned.