**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**MARK SMALL**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ERIC P. BABBS**
Deputy Attorney General
Indianapolis, Indiana



FILED

Dec 12 2012, 9:26 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JAMES FUSCO, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 54A01-1204-CR-182 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MONTGOMERY SUPERIOR COURT
The Honorable David A. Ault, Judge
Cause No. 54D01-0701-FD-5

**December 12, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

## STATEMENT OF THE CASE

Appellant-Defendant, James Fusco (Fusco), appeals his sentence following the trial court's revocation of his probation.

We reverse and remand.

## ISSUE

Fusco raises one issue on appeal, which we restate as: Whether the trial court erred by not crediting him for time served on home detention.

## FACTS AND PROCEDURAL HISTORY

On January 4, 2007, the State filed an Information charging Fusco with Counts I-III, nonsupport of a dependent child, Class D felonies, Ind. Code § 35-46-1-5(a). On August 20, 2009, Fusco pled guilty to all Counts pursuant to a plea agreement. On October 15, 2009,[1] the trial court accepted the plea agreement and sentenced Fusco to three years on each Count. The trial court ordered the sentences to run concurrently and suspended to probation, except for six months that the trial court ordered Fusco to serve on "electronically-monitored home detention with West Central Community Corrections." (Appellant's App. p. 13). Fusco's home detention began on "October 15, 2009, or as soon thereafter as monitoring equipment is installed in [Fusco]'s residence." (Appellant's App. p. 15). Conditions of Fusco's sentence included reporting and providing his address and telephone number to his probation officer, abstaining from

---

[1] We note that the transcript indicates that Fusco's sentencing hearing was held on October 25, 2009. However, the CCS indicates that the hearing was held on October 15, 2009.

controlled substances and alcohol, paying child support, and obeying his home detention rules.

On April 8, 2010, the probation department filed a petition to revoke Fusco's probation, alleging that Fusco had violated his probation by testing positive for marijuana, failing to pay child support, and violating the home detention rules. That same day, the trial court issued a bench warrant for Fusco's arrest. On March 18, 2012, Fusco was apprehended in Marion County, Indiana. On April 19, 2012, the trial court held an evidentiary hearing. The State amended the revocation petition to allege that Fusco had failed to apprise his probation officer of his address and telephone number from April 8, 2010 to March 18, 2012. Fusco admitted to the violation of his probation and the trial court revoked his probation. The trial court ordered Fusco's suspended sentence to be served at the Department of Correction and he received credit for thirty-five days incarceration on his bench warrant.

Fusco now appeals. Additional facts will be provided as necessary.

DISCUSSION AND DECISION

On appeal, Fusco argues that the trial court erred when it sentenced him following his probation revocation without according him credit for the number of days he served on home detention. The State agrees that the trial court erred by not giving Fusco credit for time actually served. In support, both parties cite I.C. § 35-38-2.5-5, which addresses credit for time served when home detention is imposed as a condition of probation. Subsection (d) of the statute provides that "[a] person's term of confinement on home

3

detention under this chapter is computed on the basis of the actual days the person spends on home detention." Subsection (e) provides that "[a] person confined on home detention as a condition of probation earns credit for time served." When read in combination, these subsections afford a defendant a credit against his sentence for actual time served under home detention as a condition of probation.

While the State agrees that the trial court erred by not giving Fusco credit for time actually served, it asserts that the record does not establish how much time Fusco actually served. The trial court's October 15, 2009 Order For Home Detention provided that Fusco's home detention was to begin as soon as monitoring equipment was installed at his home; however, the record before us does not indicate when Fusco's detention actually began. Although Fusco told the trial court that he was "released from house arrest," on either March 29 or April 29, 2010, his whereabouts were unknown from April 8, 2010 to March 18, 2012. (Transcript p. 46). The State requests and we agree that the matter should be remanded for an evidentiary hearing to establish the length of Fusco's home detention. Consequently, we find that the trial court erred by not taking into account Fusco's actual time served under home detention and remand for an evidentiary hearing.

Fusco also argues that he is entitled to "good time" credit against his sentence. Fusco cites *Peterink v. State*, 971 N.E.2d 735, 737-38 (Ind. Ct. App. 2012), *trans. pending*, to argue that he should also receive "good time" credit for time served on home

4

detention. The *Peterink* court held that the credit referred to in I.C. § 35-38-2.5-5(e) encompasses "good time" credit as well as actual time under home detention. *Id.* at 38.

The State argues that under *Cottingham v. State*, 971 N.E.2d 82 (Ind. 2012), Fusco is not entitled to "good time" credit because the version of I.C. § 35-38-2.6-6 in effect at the time of Fusco's offense specifically excluded individuals placed on home detention with community corrections from receiving "good time" credit. *See* I.C. § 35-38-2.6-6 (West 2004). In 2010, I.C. § 35-38-2.6-6 was amended to afford "good time" credit to those on home detention. *See* P.L. 105-2010, Sec. 14, effective July 1, 2010. In *Cottingham*, the supreme court held that I.C. § 35-38-2.6-6 did not apply retroactively to those offenders sentenced prior to the 2010 amendment. *Id.* at 86.

I.C. § 35-38-2.6-6 applies to those who serve home detention as a result of direct placement in a community corrections program, rather than those who serve home detention as a condition of probation. *See Brown v. State*, 957 N.E.2d 666, 671 (Ind. Ct. App. 2011). Here, the trial court's October 15, 2009 Order For Home Detention provides that "having suspended all of [Fusco's] sentence, the [c]ourt now orders that as a condition of probation, [Fusco] shall be confined to his home for a period of six months […]." (Appellant's App. p. 15). By referencing "condition of probation, the trial court sentenced Fusco under I.C. § 35-38-2.5-5, rather than I.C. § 35-38-2.6-6. Consequently, the State's reliance on *Cottingham* is inapposite and we choose instead to follow *Peterink*. Accordingly, on remand, the trial court is also instructed to calculate "good time" credit Fusco may have accumulated during his home detention.

5

## CONCLUSION

Based upon the foregoing, we conclude that the trial court erred in failing to credit Fusco's time on home detention against his sentence. We therefore reverse that portion of the trial court's order determining credit time and remand with instructions to calculate the actual time and good time credit as a result of Fusco's home detention and to credit such time against his sentence.

Reversed and remanded with instructions.

BAKER, J. and BARNES, J. concur