**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jul 18 2013, 9:48 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**WILLIAM A. GRAY**
Jeffersonville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KELLY A. MIKLOS**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TROY THURMAN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No.  22A04-1208-CR-438 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE FLOYD SUPERIOR COURT
The Honorable Susan L. Orth, Judge
Cause No. 22D01-0504-FA-266

**July 18, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Troy Thurman appeals the trial court's refusal to award credit for time served[1] and good time credit[2] for the time he spent in an inpatient forensic diversion program as a condition of probation. We reverse and remand.

## FACTS AND PROCEDURAL HISTORY

On January 19, 2006, Thurman received an eight-year sentence, with seven years suspended to probation. On May 21, 2010, the State petitioned to revoke Thurman's probation. After hearing evidence, the court found Thurman violated probation and continued him on probation with an order that he complete a forensic diversion program. Thurman completed the ninety-day in-patient portion of the program but not the out-patient portion. On June 18, 2012, the State filed another petition to revoke Thurman's probation. The trial court revoked Thurman's probation and ordered him to serve the remainder of his sentence incarcerated. Thurman requested the trial court grant him 90 days of credit for time spent in the residential portion of the forensic diversion program and 90 days of good time credit for those same days, but the court denied both.

## DISCUSSION AND DECISION

Thurman asserts the court erred in its calculation of the amount of credit time due to him. Whether credit time against a sentence is available following revocation of probation is controlled by a patchwork of overlapping statutes found in various titles of Indiana Code.

---

[1] "Credit for time served" is "the credit toward the sentence a prisoner receives for time actually served." *Purcell v. State*, 721 N.E.2d 220, 222 (Ind. 1999), *reh'g denied*.

[2] "Good time credit" is "the additional credit a prisoner receives for good behavior and educational attainment." *Purcell*, 721 N.E.2d at 222.

When faced with a question of statutory interpretation, our review is *de novo. In re M.W.,* 913 N.E.2d 784, 786 (Ind. Ct. App. 2009). Our goal is to determine and give effect to the legislature's intent. *Maroney v. State,* 849 N.E.2d 745, 748 (Ind. Ct. App. 2006). To do so, we must read statutes in harmony with related statutes. *St. Margaret Mercy Healthcare Ctrs., Inc. v. Poland,* 828 N.E.2d 396, 402 (Ind. Ct. App. 2005), *trans. denied.* We assume the legislature intended statutory language to be applied in a logical manner consistent with the statute's underlying policy and goals, *B.K.C. v. State,* 781 N.E.2d 1157, 1167 (Ind. Ct. App. 2003), and thus we may not read a statute so narrowly as to exclude instances fairly covered or in a manner that disregards legislative intent. *Id.* Neither may criminal statutes "be enlarged by construction, implication, or intendment beyond the fair meaning of the language used." *Herron v. State,* 729 N.E.2d 1008, 1010 (Ind. Ct. App. 2000), *trans. denied.*

A trial court may order completion of a forensic diversion program as a condition of probation or when staying the executed portion of a sentence. Ind. Code § 11-12-3.7-12. If a defendant does not complete a forensic diversion program ordered by a court, then the court may:

> (1) Revoke the person's probation.
> (2) Order all or a portion of the person's suspended sentence to be executed.
> (3) Modify the person's sentence.
> (4) Order the person to serve all or a portion of the person's suspended sentence in:
>> (A) a work release program established by the department under IC 11-10-8 or IC 11-10-10; or
>> (B) a county work release program under IC 11-12-5.

*Id.* Neither that statute, nor any other in that chapter, explicitly states whether credit for time

3

served is to be awarded for time spent in a forensic diversion program. *See generally* Ind. Code ch. 11-12-3.7; *see also Brown v. State*, 957 N.E.2d 666, 671 (Ind. Ct. App. 2011) (noting that chapter "does not specifically refer to the application of credit for time served or credit time").

We therefore turn to the statutes that address whether credit time is to be awarded during probation. Ind. Code chapter 35-50-6 contains statutes dealing with "Release From Imprisonment and Credit Time," and Section 6(a) thereof states: "A person imprisoned for a crime earns credit time irrespective of the degree of security to which he is assigned. Except as set forth under IC 35-38-2.5-5, a person does not earn credit time while on parole or probation." Ind. Code § 35-50-6-6(a). The statutory exception mentioned in Section 6(a) provides: "A person confined on home detention as a condition of probation earns credit for time served." Ind. Code § 35-38-2.5-5(e). Our Indiana Supreme Court recently held those two statutes permitted probationers on home detention to earn both credit for time served and good time credit. *Peterink v. State*, 982 N.E.2d 1009, 1010 (Ind. 2013) (trial court acted "[c]ontrary to statutory authority" when it ordered probationer "would not receive good time credit for her term of home detention"). Thus, Thurman is entitled to both credit for time served and good time credit for probation days spent "confined on home detention," Ind. Code § 35-38-2.5-5.

Thurman was not assigned to home detention, but to "90 days actual residential treatment."[3] (App. at 75.) "Home," for the purposes of Indiana Code chapter 35-38-2.5

---

[3] The trial court "utilized pre-printed forms with boxes to be checked and blanks to be filled," *Smith v. State*,

"includes a hospital, health care facility, hospice, group home, maternity home, *residential treatment facility*, and boarding house." Ind. Code § 35-38-2.5-2 (emphasis added). Thus, Thurman was "home" during the ninety days he spent in residential treatment.

The remaining question, then, is whether Thurman was "confined" in that facility. *Cf. Brown*, 957 N.E.2d at 674 (ordering trial court to hear evidence to determine whether pre-conviction diversion program at YWCA was sufficiently restrictive of Brown's personal liberties to entitle her to credit for time spent there). Thurman asserts the "restrictions on his freedom [were] nearly identical to prison." (Appellant's Br. at 4.) The Court Order that placed Thurman in the treatment program provided:

> Defendant must successfully complete Forensic Diversion Program – 90 day actual residential treatment followed by 9 months aftercare as recommended (to include work release and/or halfway house). Clark County Community Corrections Staff have authority to grant up to an 8 hour funeral furlough. Further, they have the authority to remove the Defendant from the residential component of the Forensic Diversion Program immediately for cause & remand him to the custody of the Clark County Sheriff temporarily for up to 3 days, or if necessary, permanently, pending his re-appearance in his Court of jurisdiction.

(App. at 83.)

Thurman's probation officer testified as follows regarding that program:

Q      Now, on the Centerstone Forensic Diversion Program, as best as you

621 N.E.2d 325, 325 n.1 (Ind. 1993), but did not check the box for "Home Incarceration [I.C. 35-38-2.5]." (App. at 74) (brackets in original). However, that form listed "Home Incarceration" as a subset of "Community Corrections," (*id*.), and the court was ordering probation, not direct placement in community corrections. Thus, we decline to hold the trial court's failure to check that box is determinative of whether Thurman was placed on home detention. *See, e.g., Smith*, 610 N.E.2d 265, 271 (Ind. Ct. App. 1993) (probation order indicating six months of home detention, without setting forth the specific conditions of home detention as required by Ind. Code § 35-38-2.5-6, was order for home detention, but required remand for court to enter modified order meeting statutory requirements), *summarily aff'd Smith*, 621 N.E.2d at 326.

recall, did [Thurman] complete the, uh, lock down portion of that program, the ninety day program?

A     He did.

Q     And that's in-patient, they're not free to leave during that ninety days, is that correct?

A     That's correct.

Q     Now, he did subsequently violate, uh, after the ninety day in-patient?

A     That's correct.

(Tr. at 11.)

That evidence demonstrates Thurman was not free to leave the ninety-day residential portion of the program without receiving permission from the community corrections department and, even then, he was entitled to leave only for eight hours for a funeral. In addition, Community Corrections staff had authority to remove him from the residential treatment program and place him in jail until he could appear before the court. Those provisions made Thurman's diversion program sufficiently restrictive of his personal liberties to be similar to home detention, and Thurman is entitled to receive credit for the time he spent there. *Cf. Oswalt v. State*, 749 N.E.2d 612, 615 (Ind. Ct. App. 2001) (denying credit for probationer's time in treatment because "there is no evidence that the court monitored or restricted Oswalt's movements").

"A person's term of confinement on home detention . . . is computed on the basis of the actual days the person spends on home detention." Ind. Code § 35-38-2.5-5(d). As the record indicates Thurman spent ninety days in residential treatment, that is the number of days the court should use when calculating the credit due to Thurman.

**CONCLUSION**

Because of the restrictive nature of the program and the court's order placing Thurman in that program, Thurman was entitled to earn credit for time served and good time credit for days he spent in the locked-down portion of the residential treatment program. Accordingly, we reverse and remand with instructions to modify the time remaining on Thurman's sentence.[4]

Reversed and remanded.

ROBB, C.J., and PYLE, J., concur.

---

[4] As we must reverse and remand for the court to recalculate the amount of credit for time spent and good time credit earned by Thurman, we note the court also ruled: "I am gonna give you credit for time served of one of the ninety days [in-home detention], but not the others, in that they were not successfully completed." (Tr. at 22-23.) That decision appears to violate Ind. Code § 35-38-2.5-5(d), as Thurman should, at the least, receive credit for time served for "the actual days," *id.*, that he spent on home detention. Accordingly, on remand, the trial court should also reconsider how many days credit Thurman should receive for any other days he actually served on home detention.