## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 16 2015, 7:30 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Plainfield, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Jonathan R. Sichtermann
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Harry F. Bolton,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

October 16, 2015

Court of Appeals Case No.
84A01-1503-CR-117

Appeal from the Vigo Superior Court 3

The Honorable David R. Bolk, Judge

Trial Court Cause No.
84D03-1306-FD-1851

**Bailey, Judge.**

# Case Summary

Harry F. Bolton ("Bolton") appeals the trial court's calculation of credit time after his probation was revoked and the court ordered the remainder of his sentence served in the Indiana Department of Correction ("DOC"). He presents the sole issue of whether he was entitled to credit for time served and good time credit[1] for days spent in a residential treatment facility as a condition of probation. We affirm.

# Facts and Procedural History

On July 3, 2014, Bolton pleaded guilty to Possession of a Controlled Substance, as a Class D felony ("Count 1") and Possession of Paraphernalia, as a Class A misdemeanor ("Count 2"). He was sentenced to two and one-half years on Count 1, to be run concurrently with a one-year sentence on Count 2, yielding an aggregate term of two and one-half years. The trial court ordered 242 days executed, and Bolton was given credit time for 242 days (121 days credit for time served and 121 days of good time credit). The remainder of his sentence was suspended to probation. As a condition of his probation, Bolton was ordered to reside at Club Soda, a residential treatment facility in Vigo County,

---

[1] "Credit for time served" is "the credit toward the sentence a prisoner receives for time actually served" and "good time credit" is "the additional credit a prisoner receives for good behavior and educational attainment." *Purcell v. State*, 721 N.E.2d 220, 222 (Ind. 1999), *reh'g denied*.

"immediately upon a bed becoming available" and to successfully complete its Sober Living Program. (Tr. 49.)

[3] It is unclear from the record on what date Bolton began living at Club Soda. However, on August 25, 2014, the State filed a petition to revoke Bolton's probation, alleging that on August 21, 2014 he was unsuccessfully discharged from Club Soda's program after submitting to a drug screen that tested positive for amphetamines. A second petition and notice to revoke probation was filed on September 29, 2014, based on Bolton's alleged failure to pay probation fees. Then on December 10, 2014, Bolton was arrested on charges of Dealing in Methamphetamine, Possession of Chemical Reagents or Precursors with Intent to Manufacture a Controlled Substance, Maintaining a Common Nuisance, and Driving While Suspended. On December 16, 2014, the State filed a third notice of probation violation based on these charges.

[4] Following a probation revocation hearing held January 29, 2015, the trial court found that the State had proven by a preponderance of the evidence that Bolton violated the terms of his probation by driving while suspended. On March 5, 2015, a sanctions hearing was held, at the conclusion of which the trial court ordered that the balance of Bolton's two and one-half year sentence be served in the DOC. In addition to the 242 days the court credited Bolton at his original sentencing, the court credited him 170 more days (eighty-five days credit for time served from his arrest on December 10, 2014 to March 4, 2015, plus eighty-five days good time credit). Bolton neither requested nor received credit

for his time spent at Club Soda. Bolton now appeals the trial court's calculation of credit time.

# Discussion and Decision

Bolton argues that in addition to the credit time the trial court awarded, he was entitled to credit for time served and good time credit for the days he spent in Club Soda as a condition of his probation. In support, Bolton points to Indiana Code section 35-38-2.5-5, which provides credit time to offenders who are confined on home detention as a condition of probation. Because his participation in Club Soda was court-ordered and he was subject to arrest for failure to comply with the order, Bolton contends that he was "confined on home detention" when residing at Club Soda.

As an initial matter, the State argues that Bolton waived his request for additional credit time because Bolton never raised the issue at the sanctions hearing following his probation revocation. Indeed, Bolton presented no evidence or argument to the trial court with respect to his time at Club Soda, even though the proper calculation of credit for time served (in jail) was the primary focus of the hearing. Nevertheless, "[w]hen a statute mandates credit time, the trial court does not have discretion in awarding or denying such credit." *Barker v. State*, 994 N.E.2d 306, 314 (Ind. Ct. App. 2013), *trans. denied*. Because Bolton now argues he was statutorily-entitled to credit time, we address Bolton's argument on the merits.

[7]     Generally a person does not earn credit time while on parole or probation. Ind. Code § 35-50-6-6(a).[2] As a limited exception to the rule, our statutes provide that a "person confined on home detention as a condition of probation accrues one (1) day of credit for each day the person is confined on home detention." I.C. § 35-38-2.5-5(e). A person confined on home detention as a condition of probation may also earn good time credit. I.C. § 35-38-2.5-5(f); *Peterink v. State*, 982 N.E.2d 1009, 1010 (Ind. 2013). Further, a person confined on home detention may be deprived of earned credit time if the person violates a condition of probation. I.C. § 35-38-2.5-5(g).[3] The term "home" for the purposes of "home detention" as a condition of probation includes a residential treatment facility. I.C. § 35-38-2.5-2.

[8]     A convicted person confined on home detention must remain at his or her residence, except to engage in certain approved activities: to work or seek work; to obtain medical, psychiatric, or counseling services; to attend an educational institution or program or a religious service; or to participate in work release or restitution. I.C. § 35-38-2.5-6(1); *Barker*, 994 N.E.2d at 313. An order for home detention must contain that condition, as well as requirements that the offender: (a) abide by a schedule prepared by the probation department setting forth the

[2] At all times, we refer to the versions of the statutes in effect at the time of Bolton's conviction and sentencing on July 3, 2014.

[3] Effective July 2, 2015, subsection (g) was revised to add the word "good" and now reads: "A person confined on home detention may be deprived of earned good time credit if the person violates a condition of probation." I.C. § 35-38-2.5-5(g) (Supp. 2015).

times an offender may be absent from home and the locations he or she may go during scheduled absences; (b) may not commit another crime during the home detention period; (c) obtain approval before changing his or her residence or schedule; (d) maintain a working home phone and, if court-ordered, a monitoring device; (e) pay certain home detention fees in addition to probation fees; (f) abide by other probation conditions; and (g) provide a DNA sample under certain conditions. *See* I.C. §§ 35-38-2.5-6(3)-(9). A person who violates a home detention order is subject to prosecution for the crime of escape. I.C. § 35-38-2.5-6(2).

[9] Although Bolton is correct that "home" for the purposes of "home detention" includes a residential treatment facility such as Club Soda, nothing in the record indicates that Bolton was "confined on home detention" as described in Section 35-38-2.5-6. Critically, the trial court did not enter an order of home detention setting forth the specific conditions required by statute. *See Oswalt v. State*, 749 N.E.2d 612, 615 n.6 (Ind. Ct. App. 2001) (observing that where the trial court ordered Oswalt to complete a substance abuse program as a condition of his probation, Oswalt was not on home detention because "orders for home detention must set forth specific conditions in compliance with Ind. Code § 35-38-2.5-6, and no such order was entered in this case").[4] Here, the court's

---

[4] In his reply brief, Bolton attempts to distinguish *Oswalt* because at the time *Oswalt* was decided, Indiana Code section 35-38-2.5-5 did not explicitly provide credit time for an offender confined on home detention as a condition of probation. Although Oswalt could not have demonstrated a statutory entitlement to credit time, the case is still instructive on the issue of whether a person placed in treatment for substance abuse issues as a condition of probation was "confined on home detention" within the meaning of the statute.

conviction and sentencing order makes no mention of home detention. For example, on Bolton's probation referral form – a checklist summarizing the offender's probation terms – the space next to "Days Home Detention" was not checked or filled in; however, the line next to "Counseling at Defendant's Expense" was checked and "Club Soda" was written above. (App. 53.) Moreover, there is no indication that Bolton's activities were restricted to certain approved locations and times, as would be consistent with a home detention order. And Bolton presents no argument on appeal as to what, if any, restrictions Club Soda's Sober Living Program entailed.

[10] Bolton urges that if there is insufficient evidence in the record to determine whether Bolton was "confined on home detention," the proper remedy is to remand the case for an evidentiary hearing. In support, he cites *Brown v. State*, 957 N.E.2d 666, 670-71 (Ind. Ct. App. 2011), in which Brown sought credit for time served in a residential treatment facility under a pre-conviction diversion program,[5] as opposed to a probation order. After Brown failed to complete the program, the trial court entered judgment of conviction and sentenced her to three years incarceration, but did not award her credit for time she spent in

---

[5] A pre-conviction diversion program is a program designed to provide an adult who has a mental illness and/or addictive disorder and who has been charged with a non-violent offense an opportunity to receive community treatment and other services addressing mental health and addiction instead of or in addition to incarceration. I.C. § 11-12-3.7-4. Under the statutory scheme, an eligible individual pleads guilty to the charged offense(s), the court stays entry of judgment of conviction while the individual participates in the pre-conviction program, and all charges are dismissed if the person successfully completes the program. I.C. § 11-12-3.7-11(b). However, if a person fails to complete the program, the court will lift its stay, enter judgment of conviction, and sentence the individual. *Id.*

residential treatment. *Id.* at 669. On appeal, this Court held there was evidence that Brown's pre-conviction diversion program "imposed significant limitations on [her] personal liberty," but that there was insufficient evidence to determine whether the restrictions were "substantially similar to those imposed upon personal liberty in a prison or jail." *Id.* at 672. Accordingly, we remanded for an evidentiary hearing to determine the extent of the program's restrictions. *Id.*

[11] Unlike in *Brown*, Bolton seeks credit time for time spent on probation, not as part of a pre-conviction diversion program. Under the statute applicable to this case, Bolton was only entitled to credit time during his probation if he was confined on home detention. Yet there is no evidence in the record that Bolton participated in Club Soda pursuant to a home detention order setting forth the statutory restrictions. Although Bolton was clearly on probation, he was not "confined on home detention" at Club Soda. We accordingly decline his request to remand the case for a factual hearing on the extent of the restrictions, if any, imposed by Club Soda.

[12] Finally, Bolton argues that if courts may order treatment at a residential facility without a formal order of home detention, "courts could circumvent the law and require defendants to serve more than the maximum sentence allowed by statute . . . ." (Appellant's Reply Br. 4.) However, the general rule is that persons on probation do not earn credit time. Bolton fails to acknowledge that in the absence of a formal detention order or other evidence that his movements were similarly monitored or restricted, there is no evidence that he was

"confined on home detention" such that he would qualify for the legislature's narrow exception to the general rule.

# Conclusion

[13] Although Bolton was on probation, he was not confined to home detention. Accordingly, the trial court did not err in failing to award Bolton credit time for days spent in a residential treatment facility as a condition of probation.

[14] Affirmed.

Baker, J., and Mathias, J., concur.