## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 21 2017, 5:46 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caryn N. Szyper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Linda K. Hamilton, *Appellant-Defendant,* | March 21, 2017 |
| v. | Court of Appeals Case No. 84A01-1608-CR-1754 |
| | Appeal from the Vigo Superior Court |
| State of Indiana, *Appellee-Plaintiff.* | The Honorable John T. Roach, Judge |
| | Trial Court Cause No. 84D01-1403-FC-623 |

**Barnes, Judge.**

## Case Summary

[1] Linda Hamilton appeals the trial court's credit time calculation. We affirm.

# Issue

Hamilton raises one issue, which we restate as whether the trial court properly calculated her credit time.

# Facts

In 2013, the State charged Hamilton with Class C felony welfare fraud and Class D felony theft. In May 2015, Hamilton pled guilty to Class C felony welfare fraud, and the trial court sentenced her to four years in the Department of Correction with all suspended to probation. In December 2015, the trial court found that Hamilton had violated the terms of her probation by using methamphetamine and missing drug screens. The trial court ordered her to "complete the Jail Linkage Program, at which time defendant will be ordered into sober living as a condition of probation." Appellant's App. Vol. II p. 70. Hamilton completed the Jail Linkage Program on February 24, 2016, but a bed was unavailable at the sober living program, Club Soda. The trial court returned Hamilton to probation and ordered her to "reside at and successfully complete sober living" when space was available. *Id.* at 76. On March 2, 2016, Hamilton again tested positive for methamphetamine, and the trial court found that she had violated her probation. The trial court ordered Hamilton to serve 100 days of her previously-suspended sentence, returned her to probation, and ordered her to reside at and successfully complete Club Soda Sober Living as a condition of her probation upon her release from jail. Hamilton started the Club Soda program on May 2, 2016. Club Soda discharged Hamilton from the program on June 2, 2016, after she tested positive for opiates. On June 6, 2016,

Hamilton tested positive for methamphetamine and hydrocodone. The trial court found that Hamilton had violated her probation and ordered her to serve her previously-suspended four-year sentence. The trial court found:

> Defendant is entitled to credit for time served in the Vigo County Jail from March 17, 2014 through March 18, 2014 [two (2) days], from November 24, 2015 through February 26, 2016 [ninety-five (95) days], from March 14, 2016 through May 2, 2016 [fifty (50) days] and from June 23, 2016 through July 17, 2016 [twenty-five (25) days], for a total of one hundred seventy-two (172) actual days, together with good time credit in the amount of one hundred seventy-two (172) days, for a total credit time against the sentence in this cause of three hundred forty-four (344) days.

*Id.* at 99. At the hearing, Hamilton did not request credit time for her time spent at Club Soda. Hamilton now appeals.

# Analysis

Hamilton appeals the trial court's calculation of her credit time. Hamilton argues that she was entitled to credit for time served and good time credit for her time spent at Club Soda from May 2, 2016, to June 2, 2016. In support of her argument, Hamilton relies on Indiana Code Section 35-38-2.5-5, which provides:

> (e)     A person confined on home detention as a condition of probation receives one (1) day of accrued time for each day the person is confined on home detention.

> (f)     In addition to accrued time under subsection (e), a person confined on home detention as a condition of probation is

entitled to earn good time credit under IC 35-50-6-3 or IC
35-50-6-3.1. . . .

(g)    A person confined on home detention may be deprived of
earned good time credit if the person violates a condition
of probation.

"Home" for the purposes of home detention includes a residential treatment
facility.  Ind. Code § 35-38-2.5-2.  An order for home detention as a condition
of probation must contain specific requirements set out in Indiana Code Section
35-38-2.5-6, including:

(1)    A requirement that the offender be confined to the
offender's home at all times except when the offender is:

(A)    working at employment approved by the court or
traveling to or from approved employment;

(B)    unemployed and seeking employment approved for
the offender by the court;

(C)    undergoing medical, psychiatric, mental health
treatment, counseling, or other treatment programs
approved for the offender by the court;

(D)    attending an educational institution or a program
approved for the offender by the court;

(E)    attending a regularly scheduled religious service at a
place of worship; or

(F)     participating in a community work release or community restitution or service program approved for the offender by the court.

(2)     Notice to the offender that violation of the order for home detention may subject the offender to prosecution for the crime of escape under IC 35-44.1-3-4.

(3)     A requirement that the offender abide by a schedule prepared by the probation department, or by a community corrections program ordered to provide supervision of the offender's home detention, specifically setting forth the times when the offender may be absent from the offender's home and the locations the offender is allowed to be during the scheduled absences.

(4)     A requirement that the offender is not to commit another crime during the period of home detention ordered by the court.

(5)     A requirement that the offender obtain approval from the probation department or from a community corrections program ordered to provide supervision of the offender's home detention before the offender changes residence or the schedule described in subdivision (3).

(6)     A requirement that the offender maintain:

    (A)     a working telephone in the offender's home; and

    (B)     if ordered by the court, a monitoring device in the offender's home or on the offender's person, or both.

(7) A requirement that the offender pay a home detention fee set by the court in addition to the probation user's fee required under IC 35-38-2-1 or IC 31-40. However, the fee set under this subdivision may not exceed the maximum fee specified by the department of correction under IC 11-12-2-12.

(8) A requirement that the offender abide by other conditions of probation set by the court under IC 35-38-2-2.3.

(9) A requirement that an offender:

    (A) who is convicted of an offense described in IC 10-13-6-10;

    (B) who has not previously provided a DNA sample in accordance with IC 10-13-6; and

    (C) whose sentence does not involve a commitment to the department of correction;

provide a DNA sample.

[6] Although Hamilton is correct that a residential treatment facility may qualify as "home" for the purposes of home detention, there is no indication that Club Soda met those requirements. Additionally, the trial court did not issue an order that included the home detention requirements detailed in Indiana Code Section 35-38-2.5-6. There is no indication that Hamilton's activities were restricted as would be consistent with a home detention order, and there is no evidence in the record regarding Club Soda's program or any restrictions

associated with the program. The trial court properly did not give Hamilton credit time for her time spent at Club Soda. *See, e.g., Oswalt v. State*, 749 N.E.2d 612, 615 (Ind. Ct. App. 2001) (holding that the defendant was not entitled to credit for time he spent in a substance abuse facility as a condition of probation where there was no evidence that the trial court monitored or restricted his movements while he was in the facility).

## Conclusion

[7] The trial court's credit time calculation was proper. We affirm.

[8] Affirmed.

Kirsch, J., and Robb, J., concur.